In The United States District Court For The District of Massachussetts

Keith Russell Judd re. President of USA, Petitioner;

v.

No. 1:03-cv-40145

John Snow, Secretary of the Treasury; Paul H. O'Neill, former Secretary of the Treasury, et al., Respondents;

Amendment To Petition For Habeas Corpus Relief from Firearms Disability, 18 U.S.C. § 925 (c); 28 U.S.C. § 2201 (a); 28 U.S.C. § 2241; FOIA / PA 5 U.S.C. § 552, et seq.; 5 U.S.C. § 552a, et seq.; Administrative Procedure Act, 5 U.S.C. § 551 (13) failure to Act; 5 U.S.C. § 702, 706; Fed.R.Civ.P. Rule 15 (a).

Petitioner, Judd, Pro Se, hereby submits an amendment, pursuant to Fed.R.Civ.P. Rule 15 (a), without leave of the court, and Rules Enabling Act, 28 U.S.C. § 2072 (b) "All laws in conflict with such Rules shall be of no further force or effect," and, Castro v. United States, No. 02-6683, (decided 12-15-03), in which the Supreme Court held that district court must first warn the pro se litigant about the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend.

Jurisdiction For This Proceeding

As a habeas corpus proceeding under 28 U.S.C. § 2241, the District Court in the District of Columbia, erred in transferring to the District of Massachussetts as I am in the Middle District of Pennsylvania. Arango-Marquez v. INS, 346 F.3d 892 (9th Cir. 2003)(exhaustion requirement in habeas cases is not jurisdictional requirement under 28 U.S.C. § 2241).

Under the Freedom of Information Act, 5 U.S.C. § 552 (a)(4)(B) in this case, jurisdiction is proper in the District of Columbia. See attached January 21, 2004, decision of Office of Information and Privacy, on appeal of Bureau of Alcohol, Tobacco, Firearms and Explosives, denial of my Freedom of Information Act and Privacy Act request for all information on myself.

(1)

ATF claims not to have any information on me, but in the letter attached to complaint in this case, ATF affirmatively states two things: 1.) Because of a Mental Commitment I am prohibited under 18 U.S.C. § 922 (g) from possessing a firearm; and 2.) That the Secretary of the Treasury will not make determinations for relief from firearms disability, under 18 U.S.C. § 925 (c), because Congress is not funding it, and because under United States v. Bean, 154 L.Ed.2d 483 (2002) (Congress' failure to fund 18 U.S.C. § 925(c) is not a final appealable agency decision).

However, the attached January 21, 2004, Appeal No. 03-3471, in the Office of Information and Privacy, as to ATF Request No. 03-1616, on a request for all information on myself, under Privacy Act, and Freedom of Information Act, is a final appealable agency decision.

I have a right to access to any information that ATF has used to determine a firearm disability, and to challenge the accuracy, pursuant to, Privacy Act, 5 U.S.C. § 552a (d)(2)(B)(i) and 28 CFR Part 16, § 16.34 (correction of arrest and conviction records, or to expunge information obtained in violation of the Fourth Amendment, Freedom of Information Act, 5 U.S.C. § 552 (b)(6), plus any other State or Federal Privacy Law or Confidential Privilege.

Obviously ATF has information on me and they are holding out. The Privacy Act, 5 U.S.C. § 552a (g)(1), provides for Civil Remedies whenever any agency (A) makes a determination under section (c)(3) not to amend ... (B) refuses to comply (C) fails to maintain any record ... with accuracy ... (D) fails to comply with any other provision, whereas to have an adverse effect on an individual. 18 U.S.C. § 1512 (B) makes it a federal crime to "prevent the production of a record, document, or other object, in an official proceeding," Sierra Club v. USEPA, 346 F.3d 955 (9th Cir. 2003) (court may not defer to an agency decision that is without substantial basis in fact). ATF will have to prove I have a firearms disability.

(2)     (202)548-2930

See, Stanley v. Georgia, 394 U.S. 557, 564 (1969) ("It is now well established that the Constitution protects the right to receive information").

The Secretary of the Treasury has failed to either process my application for relief from firearms disability under 18 U.S.C. § 925(c), or to even prove that I would have a firearms disability, and has failed to provide any information to me to make any determination.

In Dunlop v. Bachowski, 421 U.S. 560 (1975), the Supreme Court upheld judicial review of the Secretary of Labor's refusal to challenge a union election under the Labor-Management Reporting and Disclosure Act. The Administrative Procedure Act, 5 U.S.C. § 551(13) definition of "agency action" includes "failure to act." 5 U.S.C. § 702 provides the Scope of Judicial Review.

See also, Ener Foods, Inc. v. U.S. Dept. of Ag., 274 F.3d 1137 (7th Cir. 2001) (order suspending licence was "final appealable order" as order had an ongoing effect and was not subject to further Administrative Review); Resource Defense Council v. Fox, 93 F.Supp.2d 531, affirmed in part, vacated in part, 265 F.3d 91 (S.D.N.Y. 2000) (EPA failure to take action required within 30-days was final appealable order); Florida Keys Citizen Coalition, Inc. v. West, 996 F.Supp. 1254 (S.D. Fla. 1998) (Army Corps of Engineers failure to keep records and advise secondary cumulative effect was final appealable order).

The Secretary of the Treasury's decision not to review or decide my Application for Relief From Firearms Disability, pursuant to, 18 U.S.C. § 925(c), is a final agency decision, as it is not subject to further Administrative Review, and has an ongoing effect. The decision by ATF not to provide access to information on myself under Freedom of Information Act and Privacy Act and for correction of Records is a final appealable agency decision, as it relates to the ATF determination that I am a prohibited person under 18 U.S.C. § 922(g), et seq. See, Ali v. Ashcroft, 346 F.3d 873, 878 (9th Cir. 2003) (exhaustion of administrative remedy requirement requires agency to develop a proper record, and allows the agency to correct its own mistakes). By providing my Record under FOIA/PA, ATF would be required to prove I am a prohibited person under 18 U.S.C. § 922(g), Then I would have an opportunity to challenge errors and for correction of the Record, under Privacy Act, 5 U.S.C. § 552a(d)(2)(B)(i).

(202) 608-2064     (3)     (213) 237-5000



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

JAN 21 2004

Mr. Keith R. Judd
Register No. 11593-051
Low Security Correctional Institution
Post Office Box 1000
White Deer, PA 17887

Re:  Appeal No. 03-3471
     Request No. 03-1616
     RLH:PAJ:TIT

Dear Mr. Judd:

This responds to your letter dated December 12, 2003, in which you requested that I reconsider my decision on your appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives on your request for access to records concerning you.

After careful consideration on this matter, I have determined that my original decision, as outlined in my letter to you of November 17, 2003, was appropriate.

If you remain dissatisfied with my action on your appeal, judicial review thereof is available to you as indicated in my letter of November 17, 2003.

Sincerely,

Richard L. Huff
Co-Director