In The United States District Court For The District of Massachussetts

Keith Russell Judd For President of USA, Petitioner,

vs.

Paul H. O'Neill, Secretary of Treasury, et al.,
Respondents.

No. 1:03-cv-40145

## Emergency Motion For Action on Habeas Corpus; 28 U.S.C. § 2241

Petitioner, Judd, Pro Se, hereby provides:

This action was transferred from the District of Columbia over a year ago. Burden v. Keohane, 921 F.2d 476, 477 (3rd Cir. 1990)(jurisdiction over petition for writ of habeas was determined when petition was filed).

Under 18 U.S.C. § 3585(b), the BOP cannot compute jail time credit in my case, because I have not been convicted or sentenced. United States v. Wilson, 117 L.Ed.2d 593 (1992).

Forty two Pretrial Appeals were docketed as pending during trial and sentencing, thereby divesting district court of jurisdiction. Judd v. Furgeson, 239 F.Supp.2d 442, 447 (D.N.J. 2002)(notice of appeal divests district court of jurisdiction, and subsequent orders are void).

I cannot be taken to trial or sentenced until mandates have issued on the 42 Pretrial Appeals. Therefore I am Pretrial, and the BOP cannot compute jail-time credit. I have exhausted BOP Administrative Remedy on this issue. United States v. Wilson, 117 L.Ed.2d 593 (1992).

There is a proceeding in the Executive Office For United States Attorneys, under the Privacy Act, 5 U.S.C. § 552a (d)(2) and a similar appeal in the Office of Information and Privacy, as do the BOP, to amend my record with the 42 Pretrial Appeals, including the dates of any mandates.

(1)

See, United States v. Brooks, 145 F.3d 446, 454 (1st Cir. 1998) (district court divested of jurisdiction to go forward with trial where government filed timely notice of appeal);

The other problem is that I was never extradited from the State of New Mexico. See, Judd v. Davis, et al, No. 99-2251, 2000 WL 123755 (10th Cir. 2000); Alabama v. Bozeman, 150 L.Ed.2d 188, 192 (2001). Review of Extradition only under 28 U.S.C. § 2241, Manerro v. Gregg, 164 F.3d 1199, 1201-02 (9th Cir. 1999); In Re Extradition of Drayer, 190 F.3d 410, 412 n.2 (6th Cir. 1999); Judd v. Lappes, D.C. Circuit No. 03-5124.

Wherefore, Petitioner, Judd, Pro Se, asks this Court to assign a Judge and take emergency action, plus any other relief appropriate and just.

Respectfully Submitted

Keith Russell Judd For President of USA
Reg. # 11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887
(570) 326-1551

www.vote-smart.org                www.fcc.gov

(2)

BP-S148.055  **INMATE REQUEST TO STAFF**  CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Craig Apker, Warden LSCI Allenwood | DATE: May 11, 2004 |
| FROM: Keith Russell Judd | REGISTER NO.: 11593-051 |
| WORK ASSIGNMENT: Smoke Room & Supply Room Orderly | UNIT: Gregg-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have mailed to the Court, a Petition For Writ of Mandamus as to six Petitions For Writ of Habeas Corpus filed in the United States District Court For The Middle District of Pennsylvania, as follows:
Judd v. Apker, No. 3:04-CV-0585, No. 3:04-CV-0633, No. 4:04-CV-0924, No. 3:04-CV-0928, No. 3:04-CV-0939, No. 4:04-CV-1089, total.
Pursuant to Fed. R. App. P. Rule 21, I am required to mail or hand deliver a copy of the Petition For Writ of Mandamus to the Warden or his agent. Attached hereto is a copy of the Petition For Writ of Mandamus.

Respectfully Submitted,

(Do not write below this line)

DISPOSITION:

No response is required.

Signature Staff Member                    Date  5/17/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)           This form replaces BP-148.070 dated Oct 86
                                               and BP-S148.070 APR 94


Printed on Recycled Paper

BP-S148.055  **INMATE REQUEST TO STAFF**  CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Mr. Kos, Counselor | DATE: May 9, 2004 |
|---|---|
| FROM: Keith Russell Judd | REGISTER NO.: 11593-051 |
| WORK ASSIGNMENT: Smoke Room & Supply Room Orderly | UNIT: Gregg-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

The U.S. District Court for the Middle District of Pennsylvania sent me the attached Consent to the Exercise of Jurisdiction by a United States Magistrate Judge in the consolidated cases, Judd v. Apker, et al, No.3:04-CV-0585, No.3:04-CV-0633, No.4:04-CV-0924, No.3:04-CV-0928, No.3:04-CV-0939, No.4:04-CV-____.
I have already sent my consent.
If you consent to trial by a Magistrate, please sign the form and mail it to:
U.S. District Court, P.O. Box 1148, Scranton, PA, 18501-1148
If you have any questions you can call the Clerk at (570)207-5600.

Thank You,

(Do not write below this line)

DISPOSITION:

Service has not been effected. We will respond in timely manner when your suit has been served and the U.S. Attorney requires a response. The court will forward the necessary documents.

Signature Staff Member                Date  5/18/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Craig Apker, Warden LSCI Allenwood | DATE: 5-13-04 |
|---|---|
| FROM: Keith Russell Judd | REGISTER NO.: 11593-051 |
| WORK ASSIGNMENT: Smoke Room & Supply Room Orderly | UNIT: Gregg-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

The Third Circuit has docketed a Prematue Notice of Appeal in Judd v. Apker, No. 04-2232, as I filed a timely Rule 59 Motion in District Court. Attached hereto is the Third Circuit notice to the New Mexico Attorney General.

Is the New Mexico Attorney General going to represent the Warden in this matter?

If so then will service on the Warden be sufficient, by hand delivery?

Thank You

(Do not write below this line)

DISPOSITION:

New Mexico will not represent Warden Apker. The U.S. Atty will. Hand-service is not required. The court will mail the needed documents.

Signature Staff Member    Date 5/17/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94