UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
KEITH RUSSELL JUDD,              )
        Petitioner,              )
                                 )
        v.                       )    C.A. No. 03-40145-MLW
                                 )
PAUL O'NEILL, et al.,            )
        Respondents.             )
```

<u>MEMORANDUM AND ORDER OF DISMISSAL</u>

For the reasons stated below, this action is dismissed.

<u>FACTS</u>

In May 2003, this action was transferred to this court by the District of Columbia.  That court construed various filings by the  petitioner, Keith Russell Judd, as a habeas petition and transferred the action to this court because Judd was confined at that time at FMC Devens, a federal facility located in this district.  Docket No. 1.[1]  The file, along with Judd's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> was received by the court in June 2003.

Judd appears to seek relief from the provisions of 18 U.S.C. §922(g) which prohibit persons convicted of felonies as well as those adjudicated as a mental defective or committed to a mental institution from possessing firearms.  Petition, p. 1-10.  Judd devotes much of his petition, and his subsequent filings,[2] to explaining why he technically was not convicted of

---

[1]Recent filings by Judd indicate that he is now confined at LSC1 Allenwood in White Deer, Pennsylvania.

[2]Judd has submitted (1) an October 27, 2003 letter stating that he has appealed the transfer of this action from the

several crimes and to arguing why Section 922(g) is

unconstitutional.  <u>Id.</u>

    This is not the first action filed by Judd in this Court,

nor for that matter, is it the first action filed by him in the

courts of the United States.[3]  A search of the records of the

federal district courts reveals over 250 actions or appeals[4]

---

District of Columbia; (2) an October 27, 2003 "emergency"
motion for release; (3) a brief he filed in opposition to the
transfer; (4) a December 29, 2003 "emergency" motion for
release with a "certificate of innocence;" and (5) a February
5, 2004 "amendment" to his petition in which he states that he
brought his initial petition pursuant to the Freedom of
Information Act and Privacy Act.

    [3]In March 2000, while incarcerated in Texas, Mr. Judd
filed an action against the United States in this Court,
seeking among other things, to have his name placed on the
ballot for election.  <u>See</u> <u>Judd v. United States</u>, C.A. No. 00-
40063-NMG.  That action was dismissed as lacking any arguable
basis in law or fact.  <u>See</u> Docket Nos. 5, 7.

    [4]A partial list of Mr. Judd's many actions follows:  <u>Judd
v. Killinger, et al.</u>, C.A. No. 98-681 (N.D. Tex. 1998)
(transferring §2241 petition to W.D. Tex); <u>Judd v. Killinger,
et al.</u>, C.A. No. 98-134 (W.D. Tex. 1998) (dismissing §2241
petition and directing clerk not to accept future filings in
action from Judd); <u>Judd v. United States Dist. Ct.</u>, C.A. No.
98-167 (W.D. Tex. 1998) (dismissing §1983 action; enjoining
Judd from filing new actions in district without leave); <u>Judd
v. United States</u>, C.A. No. 00-CV-547 (N.D. Ala. 2000)
(dismissing §1361 petition); <u>Judd v. Federal Election Comm'n</u>,
C.A. No. 00-737 (E.D. Cal. 2000) (dismissing §1983 claims);
<u>Judd v. United States, et al.</u>, C.A. No. 00-9078 (C.D. Cal.
2000) (dismissing §2241 petition); <u>Judd v. United States, et
al.</u>, C.A. No. 00-555 (D. Col. 2000) (dismissing §1983 claims);
<u>Judd v. Connecticut, et al.</u>, C.A. No. 00-658 (D. Conn. 2000)
(dismissing §1983 claims); <u>Judd v. United States, et al.</u>, C.A.
No. 00-1681 (D. Conn. 2000) (denying IFP application); <u>Judd v.
United States, et al.</u>, C.A. No. 00-780 (D. D.C. 2000)
(dismissing §1361 petition); <u>Judd v. United States</u>, C.A. No.
00-4 (S.D. Ga. 2000) (denying IFP motion); <u>Judd v. United
States</u>, C.A. No. 00-1907 (N.D. Ill. 2000) (denying IFP

filed by Mr. Judd in the past five years.  Judd has been barred

from filing new actions in several courts, including the Supreme

---

application); <u>Judd v. United States, et al.</u>, C.A. No. 00-897
(D. Md. 2000) (dismissing §1983 claims); <u>Judd v. Reese</u>, C.A.
No. 00-1864 (D. Minn. 2000) (transferring §2241 petition to
W.D. Tex.); <u>Judd v. Unitd States</u>, C.A. No. 00-1316 (D. N.J.
2000) (denying IFP application); <u>Judd v. United States</u>, C.A.
No. 00-758 (N.D. Ohio 2000) (dismissing §1981 claims); <u>Judd v.
United States, et al.</u>, C.A. No. 00-1919 (D. Okla. 2000)
(dismissing §2241 petition); <u>Judd v. United States</u>, C.A. No.
00-981 (W.D. Wash. 2000) (dismissing §1361 petition); <u>Judd v.
United States</u>, C.A. No. 00-37 (W.D. Tex. 2000) (dismissing
§2255 petition); <u>Judd v. United States Court of Appeals, et
al.</u>, C.A. No. 00-51 (W.D. Tex. 2000) (transferred); <u>Judd v.
United States Court of Appeals, et al.</u>, C.A. No. 00-284 (W.D.
Tex. 2000) (dismissing and warning plaintiff that he is barred
from proceeding IFP); <u>Judd v. Federal Election Comm'n</u>, C.A.
No. 01-1727 (E.D. Cal. 2001) (dismissing §2255 motion); <u>Judd
v. Reno</u>, C.A. NO. 01-194 (D. D.C. 2001) (§2241 petition
dismissed); <u>Judd v. Bailey, et al.</u>, C.A. No. 01-23 (D. N.J.
2001) (dismissing §2241 petition); <u>Judd v. Unitd States</u>, C.A.
No. 01-24 (D. N.J. 2001) (dismissing §2255 motion); <u>Judd v.
State of New Mexico, et al.</u>, C.A. No. 01-370 (D. N.J. 2001)
(denying IFP application); <u>Judd v. United States, et al.</u>, C.A.
No. 01-2693 (D. N.J. 2001) (denying IFP application and
dismissing);  <u>Judd v. United States</u>, C.A. No. 01-1769 (D. Col.
2001) (dismissing §2255 motion); <u>Judd v. United States</u>, C.A.
No. 01-341 (D. N.H. 2001) (dismissing §2255 motion); <u>Judd v.
United States</u>, C.A. No. 01-1028 (M.D. Fla. 2001) (dismissing
§2241 petition); <u>Judd v. United States, et al.</u>, C.A. No. 01-
715 (W.D. Va. 2001) (dismissing §2255 motion); <u>Judd v. United
States</u>, C.A. No. 01-1422 (W.D. Wash. 2001) (dismissing §2255
motion); <u>Judd v. United States</u>, C.A. No. 01-40 (W.D. Tex.
2001) (dismissing §2255 motion); <u>Judd v. United States</u>, C.A.
No. 01-51 (W.D. Tex. 2001) (dismissing §2255 motion); <u>Judd v.
United States</u>, C.A. No. 01-1781 (W.D. Tex. 2001) (dismissing
§2241 petition); <u>Judd v. United States</u>, C.A. No. 01-1782 (N.D.
Tex. 2001) (dismissing §2241 petition); <u>Judd v. United States</u>,
C.A. No. 01-1968 (W.D. La. 2001) (transferring §2255 motion to
W.D. Tex.); <u>Judd v. Higdon</u>, C.A. 01-3208 (S.D. Tex. 2001)
(transferring §2241 petition to W.D. Tex.); <u>Judd v. Furgeson,
et al.</u>, C.A. No. 01-4217 (D. N.J. 2001) (denying IFP
application and ordering complaint withdrawn).

Court of the United States.[5]

ANALYSIS

I.  The Court May Screen This Action

Although Judd claims to bring this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

---

[5]See, e.g., Judd v. U.S. Dist. Court for Western Dist. of Texas, 528 U.S. 5, 5 (1999) (directing Clerk not to accept any further petitions for certiorari or petitions for extraordinary writs from Judd in noncriminal matters unless he first pays the docketing fee); Judd v. University of New Mexico, 204 F.3d 1041 (10th Cir. 2000) (enjoining Judd from proceeding pro se in that court without prior permission based on Judd's lengthy and abusive filing history); Judd v. Furgeson, 239 F. Supp. 2d 442, 447 (D. N.J. 2002) (finding Judd subject to "three-strikes" rule of §1915(g)); Judd v. United States District Court, C.A. No. 01-15 (S.D. Tex. 2001) (enjoining Judd from filing further actions); Judd v. Higdon, C.A. No. H-01-1131 (E.D. Tex. 2001) (dismissing and describing the monetary sanctions imposed on Judd by Fifth Circuit for frivolous filings); Judd v. United States, C.A. No. C-00-110 (S.D. Tex. 2000) (same); Judd v. The University of New Mexico, et al.. C.A. No. 98-51060 (5th Cir. 1999) (sanctioning Judd for repeated frivolous filings and directing clerks of all federal district courts in circuit from accepting new filings from Judd until sanctions paid); Judd v. U.S. District Court, et al., C.A. No. 98-51118 (5th Cir. 2001) (imposing second sanction in amount of $105); Judd v. Ashcroft, No. 03-5124, 2003 WL 22304424 (D.C. Cir. Sept. 30, 2003) (denying IFP status under §1915(g)); Judd v. Winn, 81 Fed. Appx. 479, 2003 WL 22734689 at *1 (5th Cir. Nov. 20, 2003) (sanctioning Judd in the amount of $105.00; clerks of all district courts to refuse all further pleadings except for nonfrivolous successive §2255 motions).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. §2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).

II.    Habeas Petitions Only May
       <u>Challenge the Fact or Duration of Custody</u>

As a general matter, a party may challenge only the fact or duration of his custody through a habeas petition and may not combine a request for release with other civil rights claims.[6]

---

[6]<u>See, e.g.</u>, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws); <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994) (where prisoner sought damages, not speedier release, for allegedly unconstitutional conviction, prisoner had no cause of action under §1983 because success of suit would effectively invalidate his underlying conviction and sentence); <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under §1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).

To the extent that petitioner's claims are based on his alleged inability to own a firearm and the constitutionality of Section 922(g), they are not properly the subject of a habeas petition because they do not involve a request for release from confinement.[7]  See Rael v. Williams, 223 F.3d 1153, 1155 (10th Cir. 2000) (affirming dismissal without prejudice of conditions of confinement claims in habeas petition); accord Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (if successful claim would not entitle prisoner to accelerated release it must be brought in a civil rights action rather than a habeas proceeding); Kamara v. Farquhuarson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998) (dismissing habeas petition without prejudice to any due process or Eighth Amendment claims).  Since Judd is not seeking a release from confinement, his claims are subject to dismissal without prejudice.  Rael, 223 F.3d at 1155; Kamara, 2 F. Supp. 2d at 89.

Judd acknowledges that the relief he seeks goes beyond a challenge to his confinement.  In his Supplemental Brief in Opposition to Transfer to District of Massachusetts, Judd argues:

_____

[7]Indeed, Judd's claims appear to be foreclosed by the Supreme Court's recent decision in United States v. Bean, 537 U.S. 71, 77-78 (2002) (absence of actual denial by ATF of a felon's petition for relief from firearms disability precluded judicial review even though ATF's failed to review petition because no funds were appropriated for such review).

This case is primarily for <u>Declaratory Judgment</u>, under
28 U.S.C. 2201(a) to declare rights and other legal
relations for a judicial determination of <u>Relief from
Firearms Disability</u>, under 18 U.S.C. 922(g), et seq.

<u>Id.</u> at 1.

Furthermore, given the fact that, as Judd acknowledges in
his original petition, Judd is incarcerated and "nobody can
possess a firearm in here; not even the Warden" there may not be
a sufficiently ripe Article III case or controversy for this
court to adjudicate.  Pet. at 10.  Even if this court did have
subject matter jurisdiction over Judd's declaratory judgment
claim, the court would decline to exercise its jurisdiction as
the resolution of Judd's complaint would have no practical
impact until he is released from prison.  <u>See</u> <u>Wilton v. Seven
Falls Co.</u>, 515 U.S. 277 (1995).

III.  <u>Judd Has Received "Three Strikes"</u>

In any event, Judd is ineligible to proceed <u>in</u> <u>forma
pauperis</u> on his claims because he has had, on three or more
occasions, claims dismissed as frivolous, malicious, or for
failure to state a claim.  28 U.S.C. §1915(g); <u>Judd v. Furgeson</u>,
239 F. Supp. 2d 442, 447 (D. N.J. 2002) (finding Judd subject to
"three-strikes" rule of §1915(g)); <u>Judd v. Ashcroft</u>, No. 03-
5124, 2003 WL 22304424 (D.C. Cir. Sept. 30, 2003) (denying IFP

7

status under §1915(g)).[8]

It appears that Judd is attempting to evade the "three-strikes" bar of §1915(g) by asserting his declaratory judgment claims in a petition brought under 28 U.S.C. §2241.  The court will not permit Judd to escape Congress' intent through artful pleading.

<u>CONCLUSION</u>

ACCORDINGLY, for the reasons stated above, Judd's application to proceed without prepayment of fees is denied and this action is dismissed.

The Clerk is directed to enter a notation on the docket stating that "Plaintiff Keith Russell Judd has received three or more strikes under 28 U.S.C. §1915(g) and is thus ineligible to proceed <u>in forma pauperis</u> in this district unless he is under imminent danger of serious physical injury."

SO ORDERED.

Dated at Boston, Massachusetts, this <u> 3rd </u> day of <u>  June  </u>, 2004.


<u>/s/ Mark L. Wolf          </u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE

---

[8]Judd has not alleged any facts demonstrating that he is imminent danger of physical injury.  <u>See</u> <u>Malik v. McGinnis</u>, 293 F.3d 559, 562-563 (2d Cir. 2002) (dismissing; imminent danger measured at time of filing the complaint); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3rd Cir. 2001) (same).