In The United States District Court For the District of Massachusetts

Keith Russell Judd For President of USA, Petitioner,

v.

Paul H. O'Neill, Secretary of Treasury, et al., Respondents

FILED IN CLERK'S OFFICE
2004
No. 1:03-CV-40145-MLW
U.S. DISTRICT COURT
DISTRICT OF MASS.

## Motion For Relief From Judgment; Fed. R. Civ. P. Rule 60(b) Judgment is Void

Petitioner, Judd, Pro Se, hereby moves this Court for Relief From Judgment, pursuant to Fed. R. Civ. P. Rule 60(b), of the June 3, 2004, Order of Dismissal because the Court is required to provide notice of denial of leave to proceed in forma pauperis, plus 30-days to respond or pay the filing fee.

This is a Habeas Corpus Petition pursuant to 28 U.S.C. § 2241, not subject to PLRA, 28 U.S.C. § 1915(g).

I am not a prisoner as defined by PLRA, as ATF's decision held that I was prohibited under 18 U.S.C. § 922(g), because of a mental commitment. ATF did not find that I was prohibited under 18 USC § 922(g), because of a conviction. See, Kolocotronis v. Morgan, 247 F3d 726 (8th Cir. 2001)(inmate held at mental institution innocent by reason of insanity is not a prisoner). The Bureau of Alcohol, Tobacco & Firearms, U.S. Department of Justice, determined from my extensive Application For Relief From Firearms Disability under 18 U.S.C. § 925(c), that I do not have a conviction. See Petition with attached determination by ATF. Under Judicial Estoppel, ATF and the U.S. Department of Justice cannot change that position. See, New Hampshire v. Maine, 149 L.Ed.2d 968 (2001)(Judicial Estoppel).

I have a file stamped copy of the notice of appeal I mailed on May 30, 2003, appealing the May 21, 2003, order of Transfer in Judd v. O'Neill, No. 03-CV-0819, in the District of Columbia to transfer to the District of Massachusetts. Judd v. Furgeson, 239 F.Supp.2d 442, 447 (D.N.J. 2002)(notice of appeal divests district court of jurisdiction, and subsequent orders are void). This Court lacks jurisdiction while on appeal.

(1)

The court whose jurisdiction first attached retains jurisdiction over matter to exclusion of all other courts until its duty has been fully performed. Wilson v. Schnettler, 5 L.Ed.2d 620 (1961); Ponzi v. Fessenden, 258 U.S. 254 (1922).

See, Judd v. United States, 70 Fed. Appx. 589 (Fed. Cir. 2003)(IFP granted by Court of Federal Claims No. 02-CV-1327 on Petition for Certificate of Innocence under 28 U.S.C. § 2513, Summons Issued); Judd v. Zenk, SDNY No. 04-CV-03919, 28 U.S.C. § 2241 Petition; Judd v. Barnhart, 10th Circuit No. 04-2070, attached, leave to proceed in forma pauperis granted by District of New Mexico, No. CIV-02-1441-KBM Summons Issued; Judd v. Bush, D.D.C. No. 03-CV-0040, IFP granted, D.C. Circuit No. 03-5181; Judd v. Lappin, D.D.C. No. 02-CV-2389, IFP granted summons issued, D.C. Circuit No. 03-5124, No. 03-5125, No. 03-5210, No. 04-5186, pending.

In addition, as I was transferred to the Middle District of Pennsylvania, I had to file additional Petitions for Writ of Habeas Corpus in which I was granted leave to proceed in forma pauperis, see, Judd v. Apker, et al., No. 3:04-CV-0585; No. 3:04-CV-0633; No. 3:04-CV-0924; No. 3:04-CV-1089; No. 3:04-CV-0928; No. 3:04-CV-0939; No. 3:04-CV-1019. Third Circuit Appeal No. 04-2279, No. 04-2232, all pending.

Even in Judd v. United States, No. 03-2167, the First Circuit granted me leave to proceed in forma pauperis under the PLRA, and the government is responding. Attached hereto is documentation that the BOP is taking PLRA payment from my inmate account. This Court lacks authority to overrule the First Circuit's grant of leave to proceed in forma pauperis under the PLRA. (See attached BOP Administrative Remedy No. 330201-F1.).

(2.)

The following Pretrial Appeals were docketed and pending during trial and sentencing in <u>United States v. Judd</u>, USDC WD Tx. No. MO-98-CR-093, in the Fifth Circuit: No. 98-51081, No. 98-51217, No. 99-50038, No. 99-50040, No. 99-50041, No. 99-50045, No. 99-50280, No. 99-50449, No. 99-50450, No. 99-50511, No. 99-50670, No. 99-50780, No. 99-50819, No. 99-50830, No. 99-50845, No. 99-50846, No. 99-50847, No. 99-50848, No. 99-50851, Supreme Court No. 98-7575, and others. Obviously I do not have a conviction, as the trial court lacked jurisdiction during the Pretrial Appeals. Now when did mandates issue? See, <u>Doe v. Chao</u>, 157 L.Ed.2d 1122 (2004)(agency's failure to maintain adequate record on individual resulting in adverse determination); See <u>BOP Administrative Remedy No. 329252-A, exhausted</u>

Since ATF finds I have a Firearms Disability based on alleged "<u>mental commitment</u>" I am entitled to access to court under the <u>Americans with Disabilities Act</u>. See, <u>Tennessee v. Lane</u>, Supreme Court No. 02-1667, decided May 17, 2004, <u>the right of access to the courts</u>; <u>Sell v. United States</u>, 156 L.Ed.2d 197 (2003); <u>Alston v. Parker</u>, 363 F.3d 229 (3rd Cir. 2004)(pleading requirements); <u>Ray v. Kertes</u>, 285 F.3d 287 (3rd Cir. 2002)(exhaustion not a pleading requirement). Other side of page for short note.

Wherefore, Petitioner, Judd, Pro Se, asks for relief from judgment as void, plus any other relief appropriate and just.

Respectfully Submitted,

<u>Date: June 8, 2004</u>
Mailed to Court
U.S. District Court
595 Main Street, Room 502
Worcester, MA, 01608
<u>Over For Proof of Filing</u>

Keith Russell Judd For President of USA
Reg. #11593-051, Gregg Unit
LSCI Allenwood, P.O. Box 1000
White Deer, PA, 17887
(570)326-1551

(3)



**UNITED STATES GOVERNMENT**
Department of Justice
Low Security Correctional Institution
Allenwood Federal Correctional Complex
White Deer, PA 17887

## REQUEST FOR ADMINISTRATIVE REMEDY
## PART B - RESPONSE

A/R Number: 330201-F1
Inmate: JUDD, Keith
Register Number: 11593-051

In your Request for Administrative Remedy dated March 29, 2004, you request copies of the court orders that authorize the BOP's collection of amounts from your prisoner pay.

On March 25, 2004, copies of court orders from the following PLRA cases were sent to you: Case Number 03-2167 from the First Circuit, Case Number 00 C 1907 from the Western District of Arkansas, Case Number 01-2875 from the Seventh Circuit, Case Number 01-2244 from the Seventh Circuit, and Case Number 01-1225 from the Seventh Circuit.

Although you state that your memory has failed you, your filing of frivolous suits in forma pauperis in the federal courts is well documented.

Therefore, your Request for Administrative Remedy is denied. If you are dissatisfied with the above findings, you may submit a Regional Appeal via Form BP-230(13), to the Northeast Regional Director within twenty calendar days from the date of this response.

04-13-04
Date

Craig Apker, Warden