```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

KEITH RUSSELL JUDD,            )
        Petitioner,            )
                               )
        v.                     )   C.A. No. 03-40145-MLW
                               )
PAUL O'NEILL, et al.,          )
        Respondents.           )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                           August 4, 2004

On June 3, 2004, this court denied Keith Russell Judd's application to proceed without prepayment of fees and dismissed this case. The court also denied as moot Judd's motion for leave to appeal in forma pauperis relating to an appeal filed with the Court of Appeals for the D.C. Circuit. In response, Judd filed: (1) a notice of appeal of the order of dismissal (Docket No. 18); (2) a notice of appeal with application for certificate of appealability (Docket No. 21); (3) a motion for certification of the court's June 3, 2004 Order relating to his motion for leave to appeal in forma pauperis (Docket No. 10); (4) a motion for bifurcated determination of habeas corpus and declaratory judgment (Docket No. 11); (5) a motion for additional finding of fact (Docket No. 12); (6) a motion for relief from judgment (Docket No. 13); (7) a motion to alter judgment (Docket No. 14); (8) a motion for leave to appeal in forma pauperis; (Docket No. 15); (9) a motion for certification of appeal (Docket No. 16); and (10) a notice of appeal of the order denying his motion for leave to appeal in forma pauperis (Docket No. 17).

The only new argument Judd presents is that the court should

have given him notice before "recharacterizing" his habeas petition as a civil rights action to which the Prison Litigation Reform Act applies. It is on this issue that Judd seeks a certificate of appealability.

Judd's argument rests on a fundamental misunderstanding of what the court did on June 3, 2004. The court did not recharacterize Judd's petition as a civil rights action. Rather, the court denied Judd's application to proceed without prepayment of fees and summarily dismissed this habeas case because Judd's habeas petition sought relief other than release from confinement. The court also noted that were Judd's petition treated as a civil rights action, he would be unable to proceed in forma pauperis because he has received three strikes.

A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 123 S. Ct. 1029 (2003). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Miller-El, 123 S. Ct. at 1040 (internal quotation marks omitted). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty

Act "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id.

Judd has failed to make the requisite showing with respect to the alleged recharacterization of his habeas petition.  His appeal is one that plainly does not deserve additional judicial attention and the court is denying his request for a certificate of appealability.

Accordingly, it is hereby ORDERED that:

1.   Petitioner Keith Russell Judd's application for a certificate of appealability (Docket No. 21) is DENIED.

2.   Judd's Motion for Certification of June 3, 2004 Order (Docket No. 10) and Motion for Certification for Appeal (Docket No. 16) are MOOT as this case has been summarily dismissed and all claims have been resolved.

3.   Judd's Motion for Bifurcated Determination of Habeas Corpus and Declaratory Judgment (Docket No. 11) is DENIED as, for the reasons described in the June 3, 2004 Memorandum and Order of Dismissal, Judd's claims are not properly brought in a habeas proceeding.

4.   Judd's Motion for Additional Finding of Fact (Docket No. 12) is DENIED as Federal Rule of Civil Procedure 52 applies only to bench trials and no bench trial was conducted in this case.

5.   Judd's Motion for Relief from Judgment (Docket No. 13) is DENIED because it is based on the incorrect premise that the court

recharacterized Judd's habeas petition when in fact the court summarily dismissed Judd's habeas petition.

    6.   Judd's Motion to Alter Judgment (Docket No. 14) is DENIED because the relief sought, a transfer of this case to the Middle District of Pennsylvania, is not available under Federal Rule of Civil Procedure 59.

    7.   Judd's Motion for Leave to Appeal in Forma Pauperis (Docket No. 15) is DENIED because, although the court does not doubt that Judd is indigent, Judd did not submit the required affidavit stating the issues he intends to present on appeal. See Fed. R. App. P. 24(a)(1).

                                            /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE