In The United States District Court For The District of Massachusetts

Keith Russell Judd For President of USA, Petitioner,

v.

Paul H. O'Neill, Secretary of Treasury;
Bureau of Alcohol, Tobacco and Firearms;
U.S. Department of Justice, et al., Respondents,

No. 1:03-CV-40145

Motion For Leave To Proceed In Forma Pauperis on Appeal Under Imminent Danger of Serious Physical Injury, 28 U.S.C. § 1915(b), and, Fed. R. App. Rule 24(a); 28 U.S.C. § 1915(g).

    Petitioner, Judd, Pro Se, hereby moves this Court, pursuant to, Fed. R. App. P., Rule 24(a) for leave to proceed in forma pauperis on appeal, under imminent danger of serious physical injury, under 28 U.S.C. § 1915(g).

    The First Circuit has granted me leave to proceed in forma pauperis on appeal in Appeal Nos. 04-1825, 04-1826, 04-2096, on the issue that district court erred in determining that habeas corpus relief is not available under 28 U.S.C. § 2241.

    I have filed my briefs, but I intend to file separate briefs on the constitutionality of the Gun Control Act, 18 U.S.C. § 922(g), as it relates to ATF's determination that I am a prohibited person under 18 U.S.C. § 922(g)(4) for alleged mental commitment to a Federal Medical Center. See, Tenessee v. Lane, 158 L.Ed.2d 820 (2004).

    In this Court's June 3, 2004, Order, this Court said that certain relief requested must be construed under 28 U.S.C. § 1915(g), for purposes of leave to proceed in forma pauperis, requiring allegations of imminent danger of serious physical injury.

(1.)

I did not raise the issue of imminent danger, because I did not believe this petition was subject to the PLRA.

### Issues Presented on Appeal

1.) District Court should not have sua sponte dismissed under 28 U.S.C. § 1915(g), without giving me an opportunity to amend my motion for leave to proceed in forma pauperis, raising issue of imminent danger.

2.) I am entitled to proceed in forma pauperis under the imminent danger provision of 28 U.S.C. § 1915(g).

### Imminent Danger of Serious Physical Injury

In Judd v. F.C.I. Fort Dix, No. 02-CV-5305, U.S.D.C. New Jersey, I filed a complaint based on a left inguinal hernia I suffered at F.C.I. Fort Dix, on January 18, 2002, when ordered to shovel snow around my Unit. Judge Simandle denied leave to proceed in forma pauperis because nothing suggested that I was not receiving medical attention, and that I had to be in imminent danger at the time of filing the complaint. However, the left inguinal hernia has not received surgical repair, and I have sustained additional serious physical injury. There is possible leakage, intensity, and strangulation. The pain is constant, from bad to worse. After an August 17, 2004, examination, I was only given a Bottom Bunk Pass by Medical, but I am still in an upper bunk. The Safety officer states I should have a restricted duty pass, but Medical failed to respond to this request. I am still required to do heavy lifting, and work all day on my feet.

(2.)

I have lost 30 pounds since my arrest, and 15 of those pounds lost were at LSCI Allenwood in the past year. I had to exchange my laundry for pants with a 3 inch smaller waist, recently.

I do not have to describe symptoms in a public record, as I would to my personal doctor.

In addition, I am in imminent danger of losing all of my teeth, as a result of BoP Policy.

Typically, a BoP institution will require you to sign-up to have the Dentist to clean your teeth. You will be placed on a 9-month waiting list. However, I have usually been transferred before the nine months. Then I must be placed on another nine-month waiting list at the new institution. But at LSCI Allenwood, the response I received is that they have a two-year waiting list.

I have had BoP Dentists grind out good fillings, without my consent, and replace them with temporary fillings. At FCI Fort Dix, the Dentist started a Root-Canal, filling it with a temporary filling. At FMC Devens, the Dentist x-rayed and found there was no root, and wanted to pull the tooth. I refused, and the BoP will not finish the job. At LSCI Allenwood, the Dentist carved out the temporary filling and left it open.

I have been diagnosed with Gum Disease, and the BoP Policy prohibits proper treatment because of the budget.

Health Care is so bad in the BoP, that they have no idea of the medical conditions or illnesses of inmates, and when the BoP knows of serious medical conditions, the budget requires that nothing be done until a life and death situation occurs.

My friend Clyde, arrived at FMC Devens because he needed heart surgery, but after six months there he died before our eyes, without receiving any treatment at all.

(3)

On September 30, 2004, my friend, Chris Breen, cried out for help about 2:45 AM. A PA was on duty as a Correctional Officer. Chris' cube-mate went for help, but he was told to wait until after the 3:00 AM count, but that was too late.

Attached hereto is a copy of the Program for the October 3, 2004, Memorial Service for Chris Breen, in which I gave a few words, and sang and played Special Music. We were required to sign a release of our performance for release of the video to the Public and the Media.

Ms. Johnson, from Education read Chris Breen's Essay entered in an Education Essay Contest, a few days prior. This second place essay, by Chris Breen, predicted his death in Cube 38. Chris died across the hall from me in Gregg Unit, and there was nothing we could do because of the 3:00 AM count. In the BOP, custody and security concerns take priority over medical concerns.

Sick-call is so difficult and ineffective, that the inmates that need health care cannot receive it. The new BOP Policy requires indigent inmates, such as myself, to purchase certain medications from Commissary. Typically, Health Care will prescribe only over-the-counter medications, for any health care complaints.

LSCI Allenwood, previously had a Model Program for smoking. A special ventilated Smoking-Room was provided in the Unit. The Unit was absolutely smoke-free. But the new BOP Smoking Policy has changed that by closing the smoke room, leaving smokers with nowhere else to smoke. Inmates that would not smoke on the outside resort to smoking in prison to reduce stress and mental anguish of prison life, and denial of access to court. Nonsmokers are distressed with cohabitation with stressed-out smokers.

The frequent fog and budget reductions, close down recreational programs for those with health concerns.

(4)

My friend, Mr. Katahak, was an orderly with me at F.C.I. Fort Dix, in Unit 5803, on the West side. After the 9-11 disaster, Mr. Katahak, was placed in the Hole (SHU), for the sole reason of his ethnicity, for a long time. Mr. Katahak is a real gentleman with only one arm.

Mr. Katahak is still my friend at LSCI Allenwood, and is the head orderly in Gregg Unit, B Side. Several months ago, Mr. Katahak, went to the Dentist on a call-out, and suffered a heart attack. He was immediately rushed to the hospital for triple bypass heart surgery. Upon his return, Mr. Katahak was required to resume his regular work schedule. Health Services had no idea that Mr. Katahak was at risk for a heart attack.

In the recent Run For Life, sponsored by the American Cancer Society, Gregg Unit inmates donated well over $4,000 dollars to Cancer Research. The institution as a whole donated well over $12,000. Inmates donated only. However, Health Services has no idea if any inmates are suffering from cancer, much less any other physical or mental illnesses.

When I was at FMC Rochester, my roommate, Mr. Billings, hung himself. It appeared that this was a result of improper psychiatric medication.

At LSCI Allenwood there are three prominent Doctors. All three Doctors are inmates. Two of these Doctors are in Gregg Unit, one of which is my friend, Dr. Niels Lauersen. See, United States v. Lauersen, 348 F.3d 329 (2nd Cir. 2003).

However, the BOP requires me to do heavy lifting in the Unit, moving beds, lockers, desks, and other items. As I am forced to work at Unicor Federal Prison Industries for $10.00 per month, I am required to lift heavy equipment and machine parts.

(5)

In Judd v. U.S. District Court, et al., 145 L.Ed. 2d 7 (1999) I filed this lawsuit on November 13, 1998, and paid the $150.00 district court filing fee. The Court issued summons, and I paid to have the summons and complaint served on all defendants, and to file return of service. Among the issues raised was serious injury to my eyes because the Midland County Jail and FMC Fort Worth, Marshals, FBI, FTC Oklahoma City failed to provide me with a storage case or cleaning solution for my prescription contact lenses, that I was wearing when I was arrested. Eventually the Marshals told the Jail to do something, because they could not take me to court like that. I was required to pay two jailers to take me to an eye doctor and pay the doctor on numerous occasions. The U.S. Attorney, Mark T. Roomberg, then filed a motion for insanity examination, and Judge Furgeson granted it over my ProSe objections and Appeal. The Marshals took me away from treating my eyes, to FMC Fort Worth for the insanity examination, which I had filed a notice of appeal on.

At FCI Fort Dix, I was placed in SHU, for investigation, as to alleged comments I made about the President's handling of the pre 9-11 situation, as I am a candidate for President. My storage cases and cleaning solution for my contact lenses were taken from my property. I have since been required to wear the same pair of contact lenses, without taking them out, or cleaning them.

Now I work in Unicor, Federal Prison Industries, by force, to take all of my pay except for $10.00 per month, for alleged PLRA court filing fees. I am in Quality Assurance, QA.

(6v)

In this Machine Shop, we are required to wear safety glasses. However, we are given safety glasses designed to protect against splashes of liquid only. OHSA and ANSA Requirements for Machine Shop Safety Glasses involve a test for certification. The Safety Glasses are secured and a <u>one inch</u> steel ball is dropped 120 inches to impact with the lense. The lense must stay intact, and the frames must hold the lenses in. As Unicor will not pay for approved safety glasses, this is also imminent danger of serious physical injury. See <u>Coalition For Gov. Procurement v. Federal Prison Industries, 365 F.3d 435 (6th Cir. 2004)(private industry unable to compete for government contracts because of prison labor)</u>.

Wherefore, Petitioner, Judd, Pro Se, asks this Court for leave to proceed in forma pauperis on appeal, under imminent danger of serious physical injury, 28 U.S.C. § 1915(g), plus any other relief appropriate and just.

Respectfully Submitted,

<u>Date: October 10, 2004</u>
www.vote-smart.org

Keith Russell Judd For President of USA
Reg. # 11593-051, Gregg Unit
LSCI Allenwood, P.O. Box 1000
White Deer, PA, 17887, (570) 326-1551

<u>Proof of Filing by Inmate</u>
I declare under penalty of perjury pursuant to <u>Fed. R. App. P. Rule 4(c)(1)</u>, that on <u>October 10, 2004</u> I mailed this to:
(1.) U.S. District Court, 595 Main St., Room 502, Worcester, MA, 01608

by _____
U.S. Passport No. 132617459

<u>How did I get a Passport six months after the alleged crime?</u>

(7.)

# Memorial Service for
# Christopher Thomas Breen

with the

## Allenwood Christian Community

### October 3, 2004

Born May 29, 1959 in Buffalo, New York to William and Barbara Breen (both deceased).

Called home to the Lord September 30, 2004

Survived by 7 siblings with a Next of Kin Lauren Breen

Chris earned a Law Degree from California Western and National University

He came to our community on June 8, 2000

Final commendation and farewell in Holy Cross Cemetery, Lackawanna, Erie County, New York October 4, 2004

| | | |
|---|---|---|
| "Amazing Grace" | | Congregational Song |
| Introduction | | Chaplain Bill Hoops |
| Speaker | | Ms. Lisa Johnson |
| Song written for Chris | | Leroy Sears |
| Speaker | | Mark Ramerez |
| Speaker | | Ngankou |
| Special Music | | Sunday Egbulonu |
| Speaker | | Ed Johnson |
| Speaker | | Bob Buckheit |
| Special Music | | Keith Judd |
| Speaker | | Joe Trapp |
| Speaker | | Faustino Gil-Sanchez |
| Song written for Chris | | Dana McCann |
| Speaker | | John Finklestein |
| Speaker | | Niels Lauersen |
| "It Is Well With My Soul" | | Congregational Song |
| Reading "Psalm 23" | | William Patterson |
| Message | | Chaplain Bill Hoops |
| "Alleluia" | | Congregational Song |