IN THE UNITED STATES DISTRICT COURT FOR THE _District of Massachussetts_

Keith Russell Judd For President of USA, Petitioner,

     v.

~~UNITED STATES OF AMERICA~~, et al., Respondents.

_Paul H. O'Neil, Secretary of Treasury, et al._

No. _03-CV-40145_

MOTION FOR RELIEF FROM JUDGMENT DISMISSING 28 U.S.C. § 2255 PROCEEDING UNDER SAVINGS CLAUSE: 28 U.S.C. § 2241; 28 U.S.C. § 1631; Fed.R.Civ.P., Rule 60(b)

    Petitioner, Judd, Pro Se, hereby moves this Court for Relief From Judgment Dismissing 28 U.S.C. § 2255 Proceeding, pursuant to the Savings Clause, 28 U.S.C. § 2241, § 1631, and Fed.R.Civ.P., Rule 60(b), by independent action. I timely raised my issues, but no court has ever decided my issues on the merits. See, 28 U.S.C. § 2244(a).

ARGUMENT AND AUTHORITIES IN SUPPORT

    When this Court determined it could not provide review under 28 U.S.C. § 2255, the Savings Clause automatically applies for an application for a Writ of Habeas Corpus under 28 U.S.C. § 2241. See, Hooker v. Sively, 187 F.3d 680 (5th Cir. 1999).

    Regardless, any action in which a favorable decision on the merits would invalidate a conviction, or result in release from custody, must be construed a Habeas Corpus action. See, Heck v. Humphrey, 129 L.Ed.2d 383 (1994); Muhammad v. Close, 124 S.Ct. 1303 (2004); Rasul v. Bush, 124 S.Ct. 2686, 2693-99 (2004)( § 2241 makes habeas relief available as a matter of law); Gonzalez v. Justices, 382 F.3d 1, 7 (1st Cir. 2004)(AEDPA left § 2241 unscathed and unchanged); Duncan v. Walker, 150 L.Ed.2d 251, 259 (2001)("It is well settled that where Congress includes paricular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparade inclusion or exclusion.").

    Filing in the wrong jurisdiction tolls the statute of limitations. See, Goldlawer v. Heiman, 369 U.S. 463 (1962); Grupo Dataflux v. Atlas Global, 158 L.Ed.2d 866, 872 (2004)( "We have adhered to the time-of-filing rule regardless of the costs it imposes."). As a 28 U.S.C. § 2255 Proceeding, this action directly affects the trial court proceedings. As a 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus, the litigant's conduct of continually transferring my place of custody, has no effect on jurisdiction at the time of filing. Grupo Dataflux v. Atlas Global, 158 L.Ed.2d 866, 872 (2004). This Court has as-filed jurisdiction under 28 U.S.C. § 1631.

    There is no conviction in United States v. Judd, USDCWDTx No. MO-98-CR-093, because 42 Docketed Pretrial Appeals divested district court of jurisdiction to empanal a jury, or go to trial, or for sentencing. See attached hereto, April 10, 2001, Mandate of the Fifth Circuit in United States v. Judd, 5th Circuit No. 98-51081, a Pretrial Appeal filed one year before the June 23, 1999, trial, without jurisdiction. See, United States v. Vicaria,

963 F.2d 1412, 1415 (11th Cir. 1992)(government's notice of appeal divested the court of jurisdiction before it empaneled the jury). This also denied my Sixth Amendment right to a trial by jury, pursuant to, Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 2005 WL 50108 (U.S. 2005).

The prior notices of appeal render the trial and sentence void, for lack of subject matter jurisdiction. See, Judd v. Furgeson, 239 F.Supp.2d 442, 447 (D.N.J. 2002)("Thus, once Judd filed his notice of appeal to the Third Circuit on October 17, 2001, this Court was divested of its control over those aspects of the case involved in the appeal.")(" Consequently, the Court is constrained to agree with plaintiff that the Court's Order of November 13, 2002, wherein the instant action was deemed withdrawn and the docket closed, is void because the Court lacked jurisdiction at that time to issue an order affecting the issue on appeal."); Gomez v. United States, 104 L.Ed.2d 923, 940 (1989)("harmless-error analysis does not apply in a felony case in which an officer exceeds his jurisdiction by selecting a jury"). As the Pretrial Appeals divested district court of jurisdiction to empanel a jury, jeopardy never attached in the criminal case. See, Serfass v. United States, 43 L.Ed.2d 265, 276 (1975)(jeopardy does not attach until a proceeding begins before a trier having jurisdiction to try the question of guilt or innocence); Gonzalez v. Justices, 382 F.3d 1, 8 (1st Cir. 2004)(reviewing court must first determine if jeopardy attached in the original criminal proceeding). Jeopardy did not attach because of the 42 Pending Pretrial Appeals in the criminal case. As such, I am in custody in violation of my Sixth Amendment right to a trial by jury, and without jurisdiction. Jurisdictional defects are retroactive and can be raised at any time. See, United States v. Cotton, 152 L.Ed.2d 860, 867 (2002)("defects in subject matter jurisdiction can never be forfeited or waived").

As I timely filed this § 2255, § 2241, § 1631, proceeding, it is in the interest of justice that this Court take appropriate action to preserve the statute of limitations that the filing of this action has tolled.

WHEREFORE, Petitioner, Judd, Pro Se, asks this Court for relief from judgment, plus any other relief appropriate and just.

Date: March 2, 2005
www.vote-smart.org

RESPECTFULLY SUBMITTED,

*Keith Judd*

KEITH RUSSELL JUDD FOR PRESIDENT OF USA
Reg.#11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887
(570)326-1551

PROOF OF FILING BY INMATE CONFINED
I declare under penalty of perjury pursuant to Houston v. Lack, 487 U.S. 266 1988), that on *March 17, 2005*_____, I mailed this to:
1.) U.S. District Court, *595 Main Street, Room 502, Worcester, MA, 01608*

FEC#C00302919,at,1-800-424-9530

By *Keith Judd*
U.S. Passport No. 132617459

# United States Court of Appeals

## FIFTH CIRCUIT
## OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

April 10, 2001

Mr William Putnicki, Clerk
Western District of Texas, Midland
United States District Court
200 E Wall Street
US Courthouse, Room 107
Midland, TX 79701

        No. 98-51081 USA v. Judd
        USDC No. MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL
                 MO-98-CR-93-ALL

Enclosed, for the district court only, is a certified copy of the
judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's
opinion.

Record/original papers/exhibits are returned:

( 18 ) Volumes    ( 1 ) Sealed Envelope    ( 1 ) Envelope

 

 

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _Larry Gegenheimer_ Jr., Deputy Clerk

cc: (letter only)
    Honorable L Stuart Platt
    Honorable W Royal Furgeson Jr
    Mr Joseph H Gay Jr
    Mr Paul A Higdon
    Mr Keith Russell Judd

MDT-1