IN THE UNITED STATES DISTRICT COURT FOR THE District of Massachussetts

Keith Russell Judd, Petitioner,

Paul H. O'Neill, Secretary of Treasury
United States of America, Respondents, et al.

No. 03-CV-40145-MLW

MOTION TO VACATE, CORRECT, OR REDUCE A SENTENCE UNDER EQUITABLE TOLLING CALUSE OF 28 U.S.C. § 2255 ; OR DETERMINE THAT 28 U.S.C. § 2255 IS INEFFECTIVE OR INADEQUATE FOR A SAVINGS CLAUSE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

PETITIONER, Keith Russell Judd, Pro Se, hereby moves this Court pursuant to 28 U.S.C. § 2255, to vacate, correct or reduce his sentence under the equitable tolling clause of § 2255, based on the resent decisions of the Supreme Court in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 160 L.Ed.2d 621 (2004), Petitioner states that this Court enhanced his sentence based on alleged conduct that was not proven pursuant to the Sixth Amendment right to a trial by jury. This Court sentenced Petitioner in Case No. MO-98-CR-093 on 9-27-99.

DEMAND FOR JURY TRIAL ON ENHANCEMENT CONDUCT

Petitioner hereby resubmits his demand for a trial by jury for all alleged conduct for which this Court has or intends to sentence Petitioner for, pursuant to the Sixth Amendment and Seventh Amendment of the United States Constitution.

REQUEST FOR SAVINGS CLAUSE DETERMINATION

Petitioner asks this Court to determine that if relief is not available under § 2255, that under the Savings Clause of 28 U.S.C. § 2255, a motion under § 2255 is inadequate or ineffective to test the legality of his detention, and that Petitioner may proceed by Writ of Habeas Corpus under 28 U.S.C. § 2241. SUSPENSION OF THE WRIT CLAUSE U.S. Const.

This Court as the Trial Court is the only Court with jurisdiction under 28 U.S.C. § 2255 to make a judicial determination as to whether a Motion under 28 U.S.C. § 2255 is inadequate or ineffective to allow Petitioner to proceed by Writ of Habeas Corpus under the Savings Clause of 28 U.S.C. § 2255.

1

If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject matter jurisdiction. Scarborough v. Principi, 124 S.Ct. 1856, 1864-66 (2004); Kontrick v. Ryan, 157 L.Ed.2d 867, 878 (2003)("Only Congress may determine a lower court's subject matter jurisdiction."). The time-of-filing determines jurisdiction and whether a Motion under 28 U.S.C. § 2255 is inadequate or ineffective, thereby invoking the Savings Clause for a 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus. Grupo Dataflux v. Atlas Global, 158 L.Ed.2d 866, 872 (2004)("the jurisdiction of the Court is dependent upon the state of things at the time-of-filing the action brought."). This Court's determination at the time-of-filing must be either the § 2255 Motion may proceed, or that a Motion under 28 U.S.C. § 2255 is inadequate or ineffective and the Savings Clause is satisfied for the Petitioner to proceed by Writ of Habeas Corpus under 28 U.S.C. § 2241.

ACTUAL INNOCENCE CLAIM

Petitioner is presumed to be innocent of the alleged conduct for the enhancements, as he has not been found guilty beyond a reasonable doubt, in a trial by jury. Herrera v. Collins, 122 L.Ed.2d 203, 215 (1993)("A person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt."); In Re: Winship, 25 L.Ed.2d 368, 375 (1970)("no man shall lose his liberty unless the Government has borne the burden of convincing the factfinder of his guilt."). In Duncan v. Louisiana, 20 L.Ed.2d 491, 496 (1968), the defendant was facing a $300 fine, or imprisonment for not more than 2 years, or both. The Supreme Court held that the Sixth Amendment required a trial by jury. The amount of time Petitioner was facing on the enhancements far exceeded the 2 years in Duncan.

In Schlup v. Delo, 130 L.Ed.2d 808 (1995), the Supreme Court held that to avoid the procedural bar for obtaining a Writ of Habeas Corpus, petitioner was required to show only that a constitutional violation probably resulted in conviction of one who was actually innocent. See, Bousley v. United States, 140 L.Ed.2d 828 (1998)(a showing of actual innocence entitled petitioner to a hearing on the merits of his claim, and would

2

relieve petitioner of the procedural bar.); Dretke v. Haley, 158 L.Ed.2d 659 (2004).

Petitioner is legally still presumed to be innocent of the enhancements.

## WHETHER THERE IS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 2241 ?

Petitioner is in custody in violation of his Sixth Amendment right to a trial by jury for the alleged conduct for the enhancements. Looking at the language of the statute 28 U.S.C. § 2241, the only jurisdictional requirement is that petitioner be in custody in violation of the Constitution. Clark v. Martinez, 160 L.Ed.2d 734, 745 (2005)("To give these same words a different meaning for each catagory would be to invent a statute rather than interpret one."). The rule of lenity applies to the court's interpretation of the statute. Clark v. Martinez, 160 L.Ed.2d 734, 745 (2005) citing Leocal v. Ashcroft, 160 L.Ed.2d 271 (2004). The question is, whether the Judge intentionally sentenced this Petitioner for alleged conduct not tried by a jury, or whether the Judge accidently sentenced Petitioner sentenced petitioner, interpreting 18 U.S.C. § 16(a) and § 16(b). See, Leocal v. Ashcroft, 160 L.Ed.2d 271, 280 (2004)("While one may, in theory, actively employ something in an accidental manner, it is much less natural to say that a person actively employs physical force against another person by accident. Thus, a person would "use ... physical force against" another when pushing him; however, we would not ordinarily say a person "use[s] ... physical force against" another by stumbling and falling into him."). But the government argues that the "use of force may be negligent or even inadvertent." Id. at 280. Under the Supreme Court's determination, if the Judge accidently sentenced petitioner for alleged conduct not tried by a jury, then this is a judicial error that can be corrected under 28 U.S.C. § 2255; if not, then the only available remedy would be by Writ of Habeas Corpus under 28 U.S.C. § 2241.

In Rasul v. Bush, 124 S.Ct. 2686, 2693-99 (2004), the Supreme Court held that terrorists detained by Presidential Order were entitled to a Petition for Writ of Habeas Corpus relief as a matter of law. Without a trial by jury, the Judge's Order to detain based on untried enhancements, is no less reviewable under 28 U.S.C. § 2241.

In INS v. St. Cyr, 150 L.Ed.2d 347 (2001), merely because Congress removed federal

court jurisdiction to review an INS deportation order under the AEDPA, did not repeal habeas jurisdiction. This is a parallel situation to Congress' removal of federal court jurisdiction to review in certain circumstances, under 28 U.S.C. § 2255. 28 U.S.C. § 2241 is still available to review for Habeas Corpus relief under the Savings Clause of 28 U.S.C. § 2255. Petitioner is not asking for resentencing.

Petitioner is asking for his Sixth Amendment right to a trial by jury on the alleged conduct for the enhancements.

### WHETHER BLAKELY AND BOOKER ARE RETROACTIVELY APPLICABLE UNDER § 2255 ?

In Rose v. Lundy, 71 L.Ed.2d 379 (1982), the Supreme Court held that a Habeas Corpus Petitioner may resubmit his Petition to present only exhausted claims to the District Court, or he could exhaust his unexhausted claims and then resubmit his Petition For Writ of Habeas Corpus. This Supreme Court decision incorporates the relation-back clause of the Fed.R.Civ.P., Rule 15(c), making the unexhausted claims under Blakely and Booker retroactive under the relation-back clause. See, Felix v. Mayle, 379 F.3d 612, 615 (9th Cir. 2004)("Rule 15(c) applies to federal habeas corpus cases.")("The language of Rule 15(c)(2) supports our conclusion. It provides for the relation back of a 'claim' added by amendment if the new claim arises from the same conduct, transaction or occurence set forth in the original pleading."). Id. at 615. Certiorari granted No. 04-563.

At oral argument before the Supreme Court on March 22, 2005, in the case of Dodd v. United States, No. 04-5286, the Justices agreed that retroactivity must be first decided by the lower court. However, in Castro v. United States, 157 L.Ed.2d 778, 788 (2003), the Supreme Court said, "Moreover, this Court's 'supervisory power' determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." In this case the Supreme Court's decision was retroactive back to a 1994 Motion under Rule 33 and 28 U.S.C. § 2255, holding; "Castro's 1994 motion cannot be considered a first § 2255 motion, and his 1997 motion cannot be considered a second or successive motion." Id. at 788. See, Schiro v. Summerlin, 159 L.Ed.2d 442, 124 S.Ct. 2519 (2004)(providing compelling support to retroactivity for initial habeas).

In Tyler v. Cain, 150 L.Ed.2d 632, 645 (2001), the Supreme Court said new rules can be made retroative (1) by declaration, (2) by application of the rule to a habeas case, or (3) through multiple holdings which necessarily dictate retroactivity of the new rule. Under Tyler v. Cain, Blakely and Booker are retroactive to 28 U.S.C. § 2255, because the Supreme Court applied retroactivity in Castro back to a 1994 motion and 1997 motion under 28 U.S.C. § 2255. In addition, under multiple holdings provision, the Supreme Court has made Booker retroactive, as the Court granted Certiorari to numerous similar cases in which Mandate had issued, and the case was final. Then the Supreme Court remanded for further proceedings consistant with Booker and Fanfan.

In United States v. Booker, 160 L.Ed.2d 621 (2005), the Supreme Court found that the Federal Sentencing Guidelines are mandatory under 18 U.S.C. § 3553(b), and hence they create a "statutory maximum" for purposes of Apprendi. As the Supreme Court has applied Apprendi to a habeas case, both Blakely and Booker are retroactive under Tyler v. Cain, 150 L.Ed.2d 632, 645 (2001).

In American Trucking Association v. Smith, 110 L.Ed.2d 148, 159 (1990), the Supreme Court said, "The determination whether a constitutional decision of this Court is retroactive - that is, whether the decision applies to conduct or events that occurred before the date of the decision - is a matter of federal law." The conduct being attacked in this action is custody in violation of the Sixth Amendment right to jury trial. This is not in need of a retroactive decision. However, in McKesson v. Div. Alcohol Bev., 110 L.Ed.2d 17, 26-27 (1990), the Supreme Court said, "the Due Process Clause requires the state to afford tawpayers a meaningful opportunity to secure postpayment relief for taxes already paid pursuant to a tax scheme ultimately found unconstitutional." This decision of the Supreme Court in McKesson makes retroactivty mandatory under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

The Rules Governing Section 2255 Proceedings, Rule 2(a), provides that if the person "may be subject to such custody in the future pursuant to such judgment, the application for relief shall be in the form of a motion to vacate, set aside, or correct the sentence." There is no need for a retroactive decision, as petitioner is subject to future custody,

in violation of his Sixth Amendment right to a jury trial. The principles of retroactivity are evident in a judicial review of a Jail Credit Determination under 18 U.S.C. § 3585(b), which reaches back to a past determination directly affecting the amount of sentence. See, United States v. Wilson, 117 L.Ed.2d 593, 601 (1992)("prisoners have always been able to seek judicial review of these computations"). And under Fed.R.Civ.P., Rule 15(c)(2), any civil litigant can enjoy a retroactive ammendment that relates back to the date of the original pleading, as a matter of due process. United States v. Thomas, 221 F.3d 430, 435 (3rd Cir. 2000). Under the Rules Enabling Act, 28 U.S.C. § 2072(b), all laws in conflict with such rules shall be of no further force or effect. The Rules are Law.

In Harper v. Virginia Dept. of Taxation, 125 L.Ed.2d 74, 89 (1993), as to retroactivity the Supreme Court said, "the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation." See, United States v. Estate of Donnelly, 25 L.Ed.2d 312 (1970)(retroactive application for parties entitled to obtain the benefit); Harper v. Virginia Dept. of Tax, 125 L.Ed.2d 74, 86 (1993)("Our approach to retroactivity heeds the admonition that the Court has no more constitutional authority in civil cases than criminal cases to disregard current law or to treat similarly situated litigants differently."). Regardless of the retroativity of a decision, in American Trucking Association v. Smith, 110 L.Ed.2d 148 (1990), the Supreme Court said that the illegal or unconstitutional conduct could not continue past the date of the decision in the Supreme Court. In this case, this Court cannot allow Petitioner to suffer illegal custody in violation of his Sixth Amendment right to a jury trial, beyond the date of the decisions in Blakely and Booker.

## THE SAVINGS CLAUSE DETERMINATION ISSUE

The Savings Clause of 28 U.S.C. § 2255 by its own declaration applies only to:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, ...

This Court is now determining if the Petitioner is authorized to apply for relief by motion under 28 U.S.C. § 2255.

If this Court determines that Petitioner is not authorized to proceed by motion under 28 U.S.C. § 2255, then the Savings Clause does not apply to him, and he may proceed by Writ of Habeas Corpus under 28 U.S.C. § 2241.

However, if this Court determines that Petitioner is authorized to proceed by motion under 28 U.S.C. § 2255, then this Court must determine if § 2255 is inadequate or ineffective, thereby authorizing Petitioner to proceed by Writ of Habeas Corpus. See, Deal v. United States, 508 U.S. 129, 132 (1993)("a fundamental principle of statutory construction (and, indeed, of language itself) is that the meaning of a word cannot be determined in isolation, but must be drawn from the context it is used."); Clark v. Martinez, 160 L.Ed.2d 734, 745 (2005)("To give these same words a different meaning for each catagory would be to invent a statute rather than interpret one."); Leocal v. Ashcroft, 160 L.Ed.2d 271 (2004)(interpreting statutes).

## STATUTE OF LIMITATIONS OF § 2255

In Clay v. United States, 155 L.Ed.2d 88 (2003), the Supreme Court said that for the purpose of the one year statute of limitations of 28 U.S.C. § 2255, a conviction was final when the time to file a Petition for Writ of Certiorari ran out, or mandate issued, from the Supreme Court. However, in this case, Petitioner asked his attorney to file both a pretrial appeal and a post conviction appeal, which was not filed. See, Roe v. Flores-Ortega, 145 L.Ed.2d 985, 1001 (2000)("we require the defendant to demonstrate, that, but for counsel's deficient conduct, he would have appealsed.").

WHEREFORE, Petitioner, _Keith Russell Judd_, Pro Se, asks this Court to vacate, correct, reduce, or set aside his sentence, pursuant to 28 U.S.C. § 2255, or to determine that the Petitioner may proceed by Writ of Habeas Corpus under 28 U.S.C. § 2241, plus any other relief appropriate and just. (See attached Petition and Orders).

Date: _May 10, 2005_

RESPECTFULLY SUBMITTED,

_Keith Judd_
_Keith Russell Judd_
Reg.# _11593-051_

7

PROOF OF FILING BY INMATE CONFINED

I declare under penalty of perjury pursuant to Houston v. Lack, 487 U.S. 266 (1988), that on *May 10, 2005* I mailed this Petition to:

1.) U.S. District Court, *595 Main Street, Room 502, Worcester, MA, 01608*

By *Keith Judd*
Keith Russell Judd
Reg.# 11593-051
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887

8