IN THE UNITED STATES COURT OF APPEALS FOR THE _____

IN THE UNITED STATES DISTRICT COURT FOR THE District of Massachussetts

Keith Russell Judd For President of USA, Petitioner,

Paul Higiver/1, et al.
~~United States of America~~, Respondent.

No. _____

USDC No. 03-CV-40145

MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS UNDER Fed.R.App.P., Rule 24; 28 U.S.C. § 2072(b)

Petitioner-Appellant, Judd, Pro Se, hereby moves this Court for leave to appeal in forma pauperis in this 28 U.S.C. § 2255 proceeding under Fed.R.Civ.P., Rule 60(b) as an INDEPENDENT ACTION. Since a Motion under 28 U.S.C. § 2255 is just a Motion to be filed in the criminal case, leave to proceed in forma pauperis is governed by the Criminal Justice Act, 18 U.S.C. § 3006A(d)(7), Proceedings before appellate courts, providing,

"If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28."

In United States v. Judd, No. MO-98-CR-093, Magistrate Platt and Judge Furgeson both appointed David Greenhaw as Standby Counsel under the Criminal Justice Act, and both Judges forced Paul Higdon on appeal under the Criminal Justice Act. 28 U.S.C. § 2255 provides, "A court may entertain and determine such motion" and "An appeal may be taken to the court of appeals". There is no jurisdictional requirement under 28 U.S.C. § 2255 that any certain court may entertain and determine the motion.

28 U.S.C. § 2255 provides, "Appointment of counsel under this section shall be governed by section 3006A of title 18." The Rules Governing Section 2255 Proceedings, Rule 3(a) Where to File Copies, provides, "the motion shall be filed with the clerk." The Rules do not specify any specific district clerk. Since I was appointed counsel under the Criminal Justice Act, under Fed.R.App.P., Rule 24(a)(3), no further authorization is required. Petitioner asks for leave to use the Original Record. Rule 24(c). Id.

Regardless, an appeal in a 28 U.S.C. § 2255 proceeding is not governed by either the Prison Litigation Reform Act or 28 U.S.C. § 1915. See, United States v. Cole, 101 F.3d 1076, 1077 (5th Cir. 1996)("We hold the Act (PLRA) is inapplicable to § 2255 petitions."); Madden v. Myers, 102 F.3d 74, 78 (3rd Cir. 1996)("the petitioner need only file an affidavit of poverty", when PLRA does not apply.). Costs for an appeal in a § 2255 case would also be covered under the Criminal Justice Act, 18 U.S.C. § 3006A(f)(3) - Malpractice and negligence suits.- providing: "The Director of the Administrative Office of the United States Courts shall, to the extent the Director considers appropriate, provide representation for and hold harmless, or provide liability insurance for, any

1

person who is an officer or employee of a Federal Public Defender Organization, <u>established under this subsection, or a Community Defender Organization established under this subsection which is receiving periodic sustaining grants, for money damages for injury, loss of liberty, loss of property, or personal injury or death arising from malpractice or negligence of any officer or employee in furnishing representational services under this section while acting within the scope of that person's office or employment.</u>" Had it not been for the Courts forcing Paul Higdon and David Greenhaw on my Pro Se Defense, I would not be sitting in prison. This statutory conflict of interest is used by the Fifth Circuit and Western District of Texas courts for Judicial Risk Management, Government Risk Management, and Appointed Counsel Malpractice Insurance, and staff. See, <u>Wilkinson v. Dotson</u>, 161 L.Ed.2d 253 (2005)(<u>§ 1983 as alternative to habeas relief</u>).

In Bail Appeal <u>United States v. Judd</u>, 5th Circuit No. 99-50280 the Fifth Circuit affirmed on my Pro Se Brief. <u>I am Pro Se on Appeal also.</u> Compare with, <u>United States v. Judd</u>, 5th Circuit No. 98-51081, bogus decision affirming ▬▬▬▬ on appeal filed one year before trial or Bail Appeal. (See attached Documents)

### AFFIDAVIT IN SUPPORT THEREOF

I declare under penalty of perjury that I am unable to pay costs, fees, or give any security therefor. 28 U.S.C. § 1915(a)(1); 18 U.S.C. § 3006A.

To my knowledge, I have no assets, money or resources. See, <u>Tenet v. Doe</u>, 161 L.Ed.2d 82, 90 (2005)("<u>public policy forbids the maintainance of any suit in a court of justice, the trial of which would inevitably lead to the disclosure of matters which the law itself regards as confidential.</u>"); <u>Privacy Act</u>, 5 U.S.C. § 552a; <u>FOIA</u>, 5 U.S.C. § 552, et seq.

My issue is that I do not have a conviction, because the 42 Docketed Pretrial Appeals in MO-98-CR-093 divested district court of jurisdiction to empanel a jury, or for trial, or sentencing. Because of filing restrictions, lawsuits and conflicts of interest, there is no possible relief in the Western District of Texas, or the Fifth Circuit. See, <u>Judd v. United States District Court For The Western District of Texas, et al.</u>, D.C. Circuit No. 05-5183, Motion GRanted on May 25, 2005. <u>Pretrial Mandate Issued.</u> D.D.C. No. 05-CV-0780.

Date: August 8, 2005
www.vote-smart.org

SUBSCRIBED AND SWORN TO,
*[signature]*
KEITH RUSSELL JUDD FOR PRESIDENT OF USA
Reg.#11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887

PROOF OF FILING BY INMATE CONFINED
I declare under penalty of perjury pursuant to <u>Houston v. Lack</u>, 487 U.S. 266 (1988), that on August 8, 2005 I mailed this to:
1.) US District Court, 595 Main Street, Worcester, MA, 01608

FEC#C00302919,at,1-800-424-9530

By *[signature]*
U.S. Passport No. 132617459

2

JUL-18-2005 MON 06:20 PM CLC ALLENWOOD        FAX NO. 5705470361        P. 05/12
Case 1:03-cv-40145-MLW   Document 43   Filed 08/12/2005   Page 3 of 4

Page 2 of 3

Westlaw.

252 F.3d 435

252 F.3d 435

Page 1

(Cite as: 252 F.3d 435)

H

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fifth Circuit Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Russell JUDD, Defendant-Appellant.
Nos. 98-51081, 98-51217, 99-50038; 99-50040;
99-50041; 99-50045; 99-50296; 99-
50446; 99-50447; 99-50449; 99-50450; 99-50511;
99-50670; 99-50780; 99-50819;
99-50830; 99-50845; 99-50846; 99-50847;
99-50848; 99-50851; 99-50933; 00-51324;
01-50003; 01-50004.
Summary Calendar.

March 19, 2001.

Appeal from the United States District Court for the Western District of Texas, USDC No. MO-98-CR-93-ALL.

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM: [FN*]

FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Keith Judd was found guilty by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value. *See* 18 U.S.C. § 876. He was sentenced to 210 months' imprisonment, three years of supervised release, restitution to the victim in the amount of $20,000, and a special assessment of $200.

Judd argues that the evidence was insufficient to establish that he had an intent to extort with the mailing of postcards in 1997 which stated "Send the money back now, Keith Judd, Last Chance or Dead." He also contends that the 1997 package containing a ▓▓▓▓▓▓ Playboy, a knife inside the magazine, a key chain, and his father's military discharge papers did not show an intent to extort and did not constitute a threat.

Judd further argues that the district court committed sentencing errors when it 1) increased Judd's offense level by six for conduct evidencing an intent to carry out the threats, *see* U.S.S.G. § 2A6.1(b)(1); 2) increased Judd's offense level by two because the offense involved more than two threats, *see* U.S.S.G. § 2A6.1(b)(2); 3) upwardly departed five levels based upon the extreme psychological harm to the victim and Judd's extreme conduct, *see* U.S.S.G. §§ 5K2.3 & 5K2.8, p.s.; 4) upwardly departed an additional five levels because Judd's mailing of letters to jurors after his trial was conduct outside the heartland of cases covered under the Sentencing Guidelines, *see* U.S.S.G. § 5K2.0; and 5) increased Judd's criminal history category from category I to category IV. *See* U.S.S.G. § 4A1.3.

Viewing the record in a light most favorable to the verdict, we find that there was sufficient evidence establishing that Judd had an intent to extort money with the mailing of the 1997 postcards and the package mailed to the victim and that the mailing of the package constituted a threat. *See United States v. Duhon,* 565 F.2d 345, 351 (5th Cir.1978); *United*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

252 F.3d 435

252 F.3d 435    Page 2

(Cite as: 252 F.3d 435)

States v. Lance, 536 F.2d 1065, 1068 (5th Cir.1976); see also United States v. Bell, 678 F.2d 547, 549 (5th Cir.1982)(en banc), aff'd, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

The district court's determination that there was conduct evidencing Judd's intent to carry out his threats was not clearly erroneous, and the district court's six-level enhancement under U.S.S.G. § 2A6.1(b)(1) was proper. See United States v. Goynes, 175 F.3d 350, 353 (5th Cir.1999). The district court's finding that Judd's offense involved more than two threats was supported by the record and not clearly erroneous, and the two-level enhancement under U.S.S.G. § 2A6.1(b)(2) was proper. See United States v. Brock, 211 F.3d 88, 90-92 (4th Cir.2000).

The district court's five-level enhancement based upon the extreme psychological injury to the victim and Judd's extreme conduct was also supported by the record, and the district court did not double count conduct previously considered with the court's § 2A6.1(b)(1) and (2) enhancements. Judd's challenge to the five-level enhancement under U.S.S.G. § 5K2.3, p.s. and § 5K2.8, p.s. is without merit. The district court's additional five-level enhancement based upon Judd's mailing of information to jurors did not rely on the conduct supporting the two-level obstruction-of-justice enhancement. Judd's challenge to the U.S.S.G. § 5K2.0 enhancement is without merit. Furthermore, the district court sufficiently stated reasons for increasing Judd's criminal history category from category I to category IV, and Judd's challenge to the increase is without merit. See U.S.S.G. § 4A1.3; United States v. Lambert, 984 F.2d 658, 663 (5th Cir.1993 (en banc).

Finally, the multiple enhancements resulting in Judd's sentencing range being several times greater than the range determined by the presentence report did not indicate error with Judd's sentencing. See United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir.1995). Judd's conviction and sentence are AFFIRMED.

Judd has filed numerous notices of appeal and motions in this court. A number of those appeals have either been stricken or consolidated with the instant appeal, and Judd has been directed to file one brief addressing all his issues with his conviction. To the extent that there are appeals from the district court criminal case docketed as 98-CR-93-ALL not yet consolidated, those appeals are now CONSOLIDATED with the instant appeal. See Fed. R.App. P. 3(b). All motions currently pending in this court pertaining to Judd's appeal of his criminal case are DENIED.

252 F.3d 435

**Briefs and Other Related Documents (Back to top)**

- 2000 WL 34016097 (Appellate Brief) Brief of Defendant-Appellant (Aug. 03, 2000)

- 98-51081 (Docket)
        (Nov. 09, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.