IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSSETTS

Keith Russell Judd For President of USA, Petitioner,

v.   No. 03-CV-40145-MLW

Paul H. O'Neill, Secretary of the Treasury;
Harley G. Lappin, Director of the Federal
Bureau of Prisons, et al., Respondents.

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT; ACTUAL INNOCENCE

Petitioner, Judd, Pro Se, hereby submits a supplemental brief as to my actual

innocence of the federal charges in United States v. Judd, 252 F.3d 435 (5th Cir. 2001).

In Appeal No. 04-1826, the First Circuit only affirmed this court's three-strikes

denial of leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) to dismiss

WITHOUT PREJUDICE. I have since paid the district court filing fee, and this case may

now proceed on the merits. The attached brief proves that both I am innocent, and that

no crime at all happened in the federal case.

In Schlup v. Delo, 130 L.Ed.2d 808 (1995), the Supreme Court held that to avoid the

procedural bar for obtaining a Writ of Habeas Corpus, petitioner was required to show

only that a constitutional violation probably resulted in conviction of one who was

actually innocent. See, Bousley v. United States, 140 L.Ed.2d 828 (1998)(a showing of

actual innocence entitled petitioner to a hearing on the merits of his claim); Dretke v.

Haley, 158 L.Ed.2d 659 (2004)(claims for comparable relief considered first).

As a mentally disabled person litigating Pro Se, this Court is required under the

Americans With Disabilities Act, 42 U.S.C. § 12131, et seq., to provide a reasonable

accommodation for access to federal court. See, Tennessee v. Lane, 158 L.Ed.2d 820

(2004)(enforceable right of access to the courts).

This Court should liberally construe a mentally disabled Pro Se Litigant's pleadins.

Haines v. Kerner, 404 U.S. 519 (1972). Pro Se complaints and petitions are held to a

less stringent standard than those drafted by attorneys, and a federal court is charged

with liberally construing a petition or complaint to allow developement of a potentially

meritorious case. Huges v. Rowe, 449 U.S. 5, 9-10 n.7 (1980). SEE ATTACHED BRIEF--------



IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Keith Russell Judd For President of USA, APPELLANT,

      v.                           No. 04-1826

Paul H. O'Neill, Secratary of the Treasury;
Bureau of Alcohol, Tobacco & Firearms;
John D. Ashcroft, U.S. Attorney General;
Harley G. Lappin, Director of the Federal Bureau of Prisons;
U.S. Department of Justice, et al., Appellees.

## APPELLANT'S PRO SE BRIEF

Appellant, Judd, Pro Se, hereby resubmits a new Pro Se Appellant's Brief, pursuant to this Court's November 15, 2004, Order. I previously mailed my Pro Se Brief shortly after this Court's September 17, 2004, Order. This new Brief is submitted pursuant to Becker v. Montgomery, 149 L.Ed.2d 983 (2001); 28 U.S.C. § 1735(b), lost or destroyed court record.

## ISSUE FOR REVIEW

1.) Whether district court erred in determining that Habeas Corpus Relief was not available under 28 U.S.C. § 2241 ?

## Appellate Jurisdiction

A timely notice of appeal of the district court's June 3, 2004, Order of Dismissal was filed pursuant to Fed.R.App.P., Rule 4(c)(1). This Court has jurisdiction pursuant to 28 U.S.C. § 2107 and 28 U.S.C. § 1291.

## Jurisdiction of the District Court

District Court had jurisdiction pursuant to 28 U.S.C. § 2241, and Article III of the United States Constitution.

## FACTS RELEVANT TO ISSUE PRESENTED

I filed an application with the Secretary of the TReasury, pursuant to, 18 U.S.C. § 925(c), for Relief From Firearms Disability. The application was extensive and detailed as to every arrest, criminal charge, Family Violence Case, Divorce, and Mental Commitment Proceeding. See, Judd v. ATF, 115 S.Ct. 1371 (1995)(firearm returned by ATF).

My application asked the Secretary of the Treasury to determine that:

1.) I have no legal disability under 18 U.S.C. § 922(g), et seq.; and that,

2.) Congress lacks authority under the Commerce Clause and Tenth Amendment, to regulate simple possession of a firearm.

These are legal determinations which Congress must fund to enforce 18 U.S.C. § 922(g). On February 10, 2003, the Bureau of Alcohol, Tobacco & Firearms determined that I am a

1

prohibited person under 18 U.S.C. § 922(g)(4), "as a result of a current mental committment to a Federal Medical Center." Record at Docket No. 1.

However, ATF agreed that I do not have a federal conviction, or any other disability. The U.S. Department of Justice has assumed the Firearms component of ATF.

I filed a Petition For Writ of Habeas Corpus Relief From Firearms Disability, pursuant to, 28 U.S.C. § 2241, in U.S. District Court For The District of Columbia. Judd v. O'Neill, No. 03-CV-0819. On May 15, 2003, the District of Columbia determined that it was a challange to confinement, and transferred this action to the District of Massachussetts, for personal jurisdiction over a custodian. Record at Docket No. 6.

On June 3, 2004, the District of Massachussetts, dismissed the Petition For Writ of Habeas Corpus, under 28 U.S.C. § 2241, because it asked for relief beyond release from custody, under the 3-strikes of 28 U.S.C. § 1915(g), Prison Litigstion Reform Act.

On September 17, 2004, this Court granted me leave to proceed in forma pauperis as to the Habeas Corpus issue only. I have filed with district court, a motion under 28 U.S.C. § 1915(g), to proceed informa pauperis on the remaining issues, under imminent danger of serious physical injury.

On June 24, 1998, I was arrested by FBI Agent, Steven FRench, and charged under 18 U.S.C. § 876, with mailing threatening communications on November 1, 1997, naming my Common-Law Wife, Karen Y. Corey-Steele, as victim. At the initial appearance on June 26, 1998, Magistrate Platt granted my motion to represent myself Pro Se, and appointed Standby Counsel, David Greenhaw. On July 6, 1998, the Court sua sponte ordered a psychiatric examination for competency to stand trial. On July 15, 1998, I filed a notice of appeal, pursuant to, Fed.R.App.P., Rule 4(c)(1). United States v. Judd, 252 F.3d 435, 436 (5th Cir. 2001). The Clerk never processed the notice of appeal.

On January 6, 1999, Assistant U.S. Attorney, Mark T. Roomberg, filed a motion for an insanity evaluation. On January 7, 1999, over my Pro Se objections, Judge Furgeson, ordered an insanity examination. I immediately filed a notice of appeal, and the Clerk did process this notice of appeal. This appeal, along with 41 other Docketed Pretrial Appeals were pending, and divested district court of jurisdiction to empanel a jury, go to trial, or for sentencing. (See Appellant's Response to Government's Motion to Dismiss in the Consolidated Appeals).

ARGUMENT AND AUTHORITIES IN SUPPORT THEREOF

District Court lacked jurisdiction for the Committment Order because the United States never obtained jurisdiction over me from the State of New Mexico. See, Dantis v. New Mexico, No. 99-2251, 2000 WL 123755 (10th Cir. 2000)(REversed and Remanded); Wilson v. Schnettler, 5 L.Ed.2d 620, 624 (1961)("That court, whose jurisdiction first attached, retains jurisdiction over the matter to the exclusion of all other courts - certainly to the exclussion of the Federal District Court."); Interstate Agreement on Detainers Act,

18 U.S.C.Appx. 2, Article V(g), "to remain custody of and subject to the jurisdiction of the sending state."; Crawford v. Jackson, 589 F.2d 693, 695 (D.C.Cir. 1978).

When I was returned to Midland County Jail after the initial appearance, I was returned to the sending state, as my New Mexico Sentence was transferred to Odessa-Midland Texas, by Judge Blackmer, with consent of the District Attorney. Alabama v. Bozeman, 150 L.Ed.2d 188, 192 (2001)(indictment, information and complaint shall be of no further force or effect). Immediately the complaint and information was void.

District Court lacked any federal subject matter jurisdiction, as none of the alleged matter went through the U.S. Mail, and the U.S. Postal Inspector never investigated, made any determinations, or filed a complaint under 18 U.S.C. § 876 as a Postal Offense.

Appearing at Appendix A, B,& C, attached hereto, is the October 6, 2004, letter from the U.S. Postal Service, forwarding the June 21, 2004, decision of the General Counsel for the U.S. Postal Service, in Appeal No. 04-106, affirming the May 17, 2004, decision of the U.S. Postal Inspection Service FOIA#2003-0192, finding, "This search disclosed no record that you have ever been the subject of investigation by the Postal Inspection Service."

This lack of mailing is confirmed by the following records placed in my BOP File: Appendix D, Transcript of the January 12, 1998, Divorce Hearing in Ector County Texas State Court, Tel.#(432)498-4290, In The Matter of the Marriage of Keith Russell Judd and Karen Y. Corey-Steele, No. C-103,828, in which Karen's testimony fails to reveal any of the alleged November 1, 1997, mail threats, or any threats at all, or violence.
Appendix E, Psychiatric Records from the University of New Mexico, sent directly to the Warden, showing that I was detained from October 7, 1997 through November 15, 1997, and that staff was required to read everything I wrote, and I was not allowed to mail anything. The alleged date of offense is November 1, 1997.
Appendix F, The January 13, 1999, FBI Latent Fingerprint Report, finding none of my fingerprints on anything, and finding no fingerprints of any U.S. Postal Service Employee. The envelopes that FBI Agent, Steven FRench showed me after the arrest, had no postage and no postmark by the U.S. Postal Service.
Appendix G, The December 13, 1997, letter from the Midland Office of the FBI mailed to me at my P.O. Box 863, in Odessa, Texas, stating, "We have retained the complaint received in the same envelope and will determine whether any federal violations have occured. We will contact you if we need any additional information to make that determination." Six weeks after the alleged mail threats, the arresting FBI Office did not believe that I had committed any federal crimes at all.
Appendix H & I, Karen Y. Corey-Steele's court filed Pro Se, responses to the Divorce Petition, with Certificate of Service, by mailing to me in New Mexico. Karen wrote me all the time without any mention of the alleged November 1, 1997, mail threats. She always said that she did not want a divorce, and wanted to get back together.

Appendix J, A copy of a front page article and picture of my band, "REVOLVER", in May of 1989, in the Odessa American Newspaper. This article attracted Karen into a regular fan of my Band. Karen and I had regular sexual encounters, even though Karen was at that time still married to Chris. Karen was a Groupie for many years, even though my Bands changed.

The affidavit of FBI Agent, Steven French, in support of the criminal complaint failed to allege probable cause that the matter went though the U.S. Mail, and the FBI lack jurisdiction to investigate or regulate the U.S. Mail. The U.S. Postal Service have exclusive jurisdiction to regulate communications sent by U.S. Mail. There is a complete lack of subject matter jurisdiction for a federal complaint under 18 U.S.C. § 876, for mailing threatening communications. See, United States v. Elliott, 89 F.3d 1360 (8th Cir. 1996)(jurisdictional basis of mail fraud statute is grounded on Postal Power); FDA v. Brown & Williams Tobacco Corp., 146 L.Ed.2d 121 (2000)(FDA lacked jurisdiction to regulate tobacco products). Under 18 U.S.C. § 3061(b)(1), jurisdiction for enforcement of postal offenses is granted only to the U.S. Postal Inspection Service. See also, 39 U.S.C. § 404(a)(7); 39 U.S.C. § 1010; 39 U.S.C. § 3004; 39 U.S.C. § 3003; 39 U.S.C. § 3001. ; United States v. Lewis, 220 F.Supp.2d 548 (S.D.W.Va. 2002)(Postal Inspector Investigation).

By Law, and under the Constitutiton, the FBI lack jurisdiction to investgate or regulate the U.S. Mail. See, 28 U.S.C. § 533 and 28 CFR Ch. 1, Subpart P, § 0.85(a), assigned to another investigative agency. Compare with, Sanstrom v. Potter, 222 F.Supp.2d 14 (D.Me. 2002)(authority of U.S. Postal Inspector) and Dusenbery v. United States, 151 L.Ed.2d 597 (2002)(FBI submits to jurisdiction of U.S. Postal Service by mailing a notice of forfeiture to prisoner by Certified U.S. Mail Return Receipt as proof of mailing even though prisoner never received notice form prison authorities) and U.S. Postal Service v. Notestrine, 857 F.2d 989, 992-93 (5th Cir. 1988)("Congress intended the Postal Service and not the district court to conduct initial investigations of mail fraud."); McNally v. United States, 97 L.Ed.2d 292, 300 (1987)("defendant's use of the mail").

Because the U.S. Postal Inspection Service took no action in this case, the U.S. District Court for the Western District of Texas lacks subject matter jurisdiction. See, United STates v. Bean, 154 L.Ed.2d 483 (2002)(district court lacks jurisdiction to review agency inaction). However, at Appendix C attached hereto, General Counsel for the U.S. Postal Service states that I "may seek judicial review" on issue that the U.S. Postal Insection Service has never investigated me for any Postal Offense. This Court also lacks jurisdiction to make determinations or findings of fact that are within the sole jurisdiction of the U.S. Postal Service. See generally, Barnhart v. Thomas, 157 L.Ed.2d 333 (2003)(Social Security Administration had jurisdiction to determine claimant is not disabled) and New Mexico v. McHorse, 517 P.2d 75, 85 N.M. 753 (N.M. 1973)(New Mexico had jurisdiction, because operation of the mails was not affected) and INS v. St. Cyr, 150 L.Ed.2d 347, 361 (2001)(INS had jurisdiction for deportation proceedings, and district court lacked jurisdiction for judicial review of deportation order).

The Constitution has established the Post Office as a monopoly. See, Regents of Unv. of Cal. v. Pub Empl. Rel. Bd., 99 L.Ed.2d 664, 671 (1988)("United States Postal Service as a monopoly"): United States v. Roth, 1 L.Ed.2d 1498 (1957)(punishing only actual mailing); Smith v. United States, 52 L.Ed.2d 324 (1977)(Power to exclude from the mails materials judged to be obscene); Com. of PA v. U.S. Postal Service, 810 F.Supp. 605, 609 (E.D.Pa. 1992)(exclusive to the Postal Service is delivery of letter mail); Kusma v. U.S. Postal Service, 798 F.2d 29, 30 (2nd Cir. 1986); Franchise Tax Board of California v. U.S. Postal Service, 81 L.Ed.2d 446 (1984); National Easter Seal Society v. U.S. Postal Service, 656 F.2d 754, 766 (D.C.Cir. 1981); United States v. Van Leuwen, 25 L.Ed.2d 282 (1970)(First Class mail); United States v. Stanley, 97 L.Ed.2d 550 (1987)(regulation of Postal Service); FCC v. Pacifica Foundation, 57 L.Ed.2d 1073 (1978)(Postal Power to regulate); Standard v. Olsen, 98 L.Ed. 1151 (1954)(Postal Power to regulate and restrain illegal use of the Mails); Badders v. United States, 240 U.S. 391 (1916)(overt act of putting a letter into the Post Office may be regulated). Under 18 U.S.C. § 876, the placing of a threatening communication in the U.S. Postal Service for delivery, is a required jurisdiction element, that must be determined by the U.S. Postal Inspection Service. The determination by the U.S. Postal Inspection Service, in my case, is that nothing went through the U.S. Mails.

Subject matter jurisdiction is determined at the time of filing the criminal complaint. See, Grupo Dataflux v. Atlas Global, 158 L.Ed.2d 866, 872 (2004)("the jurisdiction of the Court depends upon the state of things at the time of filing the action brought."); Kontrick v. Ryan, 157 L.Ed.2d 867 (2004)(lack of jurisdiction may be raised at any time). The district court must have personal jurisdiction over both parties, and as the U.S. Postal Service did not file a criminal complaint, the district court lacked both personal and subject matter jurisdiction as to the U.S. Postal Service. United States v. Cotton, 152 L.Ed.2d 860, 867 (2002)(defects in subject matter jurisdiction can never be forfeited or waived); Steel Company v. Citizens For A Better Environment, 140 L.Ed. 2d 210, 227 (1998)(without jurisdiction a court connot proceed at all in any cause); In Re Resorts, 372 F.3d 154, 161 (3rd Cir. 2004)("If a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order."). The Federal Bureau of Investigation cannot file a criminal complaint on behalf of the U.S. Postal Service, and the U.S. Attorney cannot represent the U.S. Postal Service on a complaint filed by the Federal Bureau of Investigation.

The Federal Bureau of Investigation lacks Article III standing to file a criminal complaint for a Postal Offense, under 18 U.S.C. § 876, on behalf of the United States Postal Service. See, Elk Grove Un. Sch.  Dist. v. Newdow, 159 L.Ed.2d 98 (2004)(father lacked standing to bring suit on behalf of his son); Noton v. Southern Utah Widl. Al., 159 L.Ed.2d 137, 149 (2004)("The reviewing court shall ... compel agency action unlawfullly withheld or unreasonably delayed."); Vieth v. Jubelirer, 158 L.Ed.2d 546, 558 (2004)("The judicial Power created by Article III, § 1 of the Constitution is not whatever judges choose to do, or even whatever Congress chooses to assign them.").

In United States v. Judd, W.D.Tx. No. MO-98-CR-093, on June 24, 1998, FBI Agent, Steven French, signed and swore the federal complaint against me, without any personal knowledge, purportedly on behalf of the U.S. Postal Inspection Service, for the Postal Offense under 18 U.S.C. § 876, alleging mailing threatening communications. See, Barnes v. Smith, 654 F.Supp. 1244, 1247 (E.D.Mo. 1987)(Inmate had no right to swear out criminal complaint); Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964)(prisoner could not file criminal prosecution in his own name in United States District Court);United States v. Bryson, 434 F.Supp. 986 (1977)(federal courts have no jurisdiction for criminal complaint made by private individual); United States v. Panza, 381 F.Supp. 1133 W.D.Pa. 1974)(private citizen was not entitled to file criminal complaint before U.S. Magistrate). Steven French is not an authorized agent for the U.S. Postal Service, that can swear out a complaint on behalf of the U.S. Postal Service. See, Cedric Kushner Promotions v. King, 150 L.Ed.2d 198, 204 (2001)("The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity."). A non-attorney may not represent an association in federal court. Rowland v. Cal. Men's Colony, 506 U.S. 194 (1995). Nor may a United States Attorney represent the U.S. Postal Service without the consent of the U.S. Postal Service. See, Pueblo of Santa Rosa v. Fall, 273 U.S. 315, 71 L.Ed. 658, 47 S.Ct. 361 (1927). Under judicial estopell, the U.S. Postal Service has laid out their position. See, New Hampshire v. Maine, 149 L.Ed.2d 968 (2001). Steven French lacked any personal knowledge of the U.S. Postal Service or mailing or anything that he committed perjury to in the affidavit in support of the criminal complaint. See, Giordenello v. United States, 2 L.Ed.2d 1503 (1958)(complaint made without any personal knowledge was invalid); Grah v. Rameriz, 157 L.Ed.2d 1068 (2004)(no reasonable officer could have believed that the warrent was valid); Gonzalez v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)("a notice of appeal signed by a nonlawyer on his own behalf and behalf of another effects an appeal only as to the signer."); Becker v. Montgomery, 149 L.Ed.2d 983 (2001)(signature requirement). SEE ALSO, 18 U.S.C. § 453, Oaths of Justices and Judges. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994)(federal courts cannot expand jurisdiction by judicial decree); Willy v. Costal Corp., 117 L.Ed.2d 280 (1992)(courts are not free to extend or restrict jurisdiction conferred by statute). The U.S. Postal Service's decision is admissable evidence under 28 U.S.C. § 1733.

Under the Prison Filing Mail Box Rule, the jurisdictional requisit is use of the U.S. Postal Service, with First Class Postage Prepaid. See, Houston v. Lack, 487 U.S. 266 (1988); Fed.R.App.P., Rule 4(c)(1); Fed.R.App.P., Rule 25(a)(B)(i) & (a)(2)(C); and Supreme Court Rule 29.2. Service is complete upon mailing. See, Fed.R.Civ.P., Rule 5(b)(2)(B); Fed.R.App.P., Rule 25(a)(3)(c)(1)(B) "by mail."

I mailed or received the following U.S. Certified Return Receipt Mail:
1.) Z 384 006 160 ; 2.) Z 384 006 161 ; 3.) Z 384 006 164 ; 4.) Z 384 006 163 ; 5.) Z 384 008 820 ; 6.) Z 384 008 917 ; 7.) Z 384 008 814 ; 8.) 7000 0520 9597 9522 ; 9.) 7002 1000 0005 5004 9522 ; 10.) 7002 0510 0003 4769 0376 ; 11.) 7003 2260 0003 6167 5084 . Proof of Mailing or Delivery is only within the jurisdiction of the U.S. Postal Service. See:

Ghanen v. Ashcroft, 378 F.3d 740, 744-45 (8th Cir. 2004)(assurances of effective delivery of regular mail); Slata v. INS, 314 F.3d 1076, 1079 (9th Cir. 2002)(presumption of delivery of regular mail); United States v. Swan, 396 F.2d 883 (2nd Cir. 1968)(Postal Inspector's test sheets were hearsay, but harmless error when Postal Inspector testified at trial as to authenticity); United States v. McCoy, 193 U.S. 593 (1904)(Postal Records); United States v. Dumas, 149 U.S. 278 (1893)(Postal Records); United States v. Hodge, 54 U.S. 478 (1851)(Postal Transcripts). Postmark on letter was hearsay that the letter was mailed. See, United States v. Cowley, 720 F.2d 1037 (9th Cir. 1983); Crawford v. Washington, 158 L.Ed.2d 177 (2004)(documents entered at trial containing statements of non-testifying witness violated Sixth Amendment right to Confrontation); United States v. Jackson, 368 F.3d 59 (2nd Cir. 2004)(Certified copy of Confiction does not prove that person was convicted). 18 U.S.C. § 876, provides the required jurisdictional element of "use" of the U.S. Mails. Bailey v. United States, 516 U.S. 137, 144 (1998)(actual "use"); Leocal v. Ashcroft, No. 03-585, decided 11-9-04 Supreme Court holding "actual use of" violence required for a crime of violence determination on a bail hearing. See also, Bush v. Gore, 148 L.Ed.2d 388, 399 (2000)("how to interpret the marks, holes, or scratches on an inanimate object, a piece of cardboard or paper."): Oakstone v. Postmaster General, 332 F.Supp.2d 261, 265 (D.Me. 2004)("due to Ms. Philbrook's false allegations")("The Postal Service cites a number of cases that have rules against claims arising out of failed office romances."). Id. at 269. ("The line dims when the reason for personal animosity is past sexual rejection."). Id. at 270. Similar, United States v. Landham, 251 F.3d 1072 (6th Cir. 2001)(she never called the Police). Complaints about use of the U.S. Mail must be filed with the Post Office. Toussie v. United States, 25 L.Ed.2d 156, 161 (1970)("the salutary effect of encouaging law enforcement officials to promtly investigate suspected criminal activity."). This Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, conclusively proves my innocence, as there is lack of subject matter jurisdiction. Schlup v. Delo, 130 L.Ed.2d 808 (1995)("actual innocence"); Union Planter's v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)("federal courts are duty bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal.").

As the district court lacked subject matter jurisdiction for the criminal case, it lacked jurisdiction for the sua sponte order for psychiatric examination for competency to stand trial, which is an immediately appealable collateral order. See, Sheperd v. International Paper Co., 372 F.3d 326, 328-29 (5th Cir. 2004)(non-appealable order made without jurisdiction is appealable on issue of jurisdiction); Sell v. United States, 156 L.Ed.2d 197, 208-10 (2003); Estell v. Smith, 68 L.Ed.2d 359 (1981)(court ordered interview of defendant by government psychiatrist, testifying that defendant was dangerous violated Fifth Amendment, where defendant never requested or consented to the interview); Jaffee v. Redmond, 116 S.Ct. 1923 (1996)(psychotherapist-patient priviledge); United States v. Rivera-Guerro, 377 F.3d 1064, 1071 (9th Cir. 2004)(order implicated defendant's constitutional right to defense of competency)(Magistrate lacked jurisdiction to enter final order). As a result of the July 15, 1998, notice of appeal, and the subsequent notices of appeal, the district court lacked jurisdiction to grant the government's motion for an insanity examination. United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003)("the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend judgment."); United States v. Mincy, 380 F.3d 102, 106 (2nd Cir. 2004)(mandate held deprives district court of jurisdiction until mandate issued). ATF is correct in that I do not have a conviction in the federal case, but district court lacked jurisdiction for the competency examination and the insanity examination.

### DISTRICT COURT ERRED IN DETERMINING THAT RELIEF WAS NOT AVAILABLE UNDER § 2241

If the Petition asked for relief beyond that which is available under 28 U.S.C. § 2241, the district court has an obligation to review the claims in which relief can be granted under 28 U.S.C. § 2241. See, Rasul v. Bush, 124 S.Ct. 2686, 2693-99 (2004)(that 28 U.S.C. § 2241 makes habeas relief available as a matter of law); Gonzales v. Justices of Municipal Court of Boston, 382 F.3d 1, 7 (1st Cir. 2004)(28 U.S.C. § 2241 relief); Calcano-Martinez v. INS, 150 L.Ed.2d 392, 397 (2001)(leaving aliens without a forum for habeas relief would raise serious constitutional questions): Muhammad v. Close, 124 S.Ct. 1303 (2004). Suspension of the Writ Clause of the U.S. Constitution.

Wherefore, Appellant, Judd, Pro Se, asks this Court to reverse the decision of the district court, and remand for review of the claims for habeas corpus relief, pursuant to 28 U.S.C. § 2241, plus any other relief appropriate and just.

RESPECTFULLY SUBMITTED,

Date: November 26, 2004

KEITH RUSSELL JUDD FOR PRESIDENT OF USA
Reg.#11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887
(570)326-1551

8

## PROOF OF FILING AND SERVICE BY INMATE

I declare under penalty of perjury pursuant to Houston v. Lack, 487 U.S. 266 (1988), that on August 26, 2005, I mailed this to:

1.) U.S. District Court, 1 Courthouse Way, Suite 2300, Boston, MA, 02210

By _____

U.S. Passport No. 132617459

FEC#C00302919,at,1-800-424-9530