# Revolver loaded and gunning to play

By Laura Ludewell
The American



Photo courtesy of Revolver

Not many groups can move from the silky sounds of Buddy Holly into the heavy licks of Led Zeppelin. At least not that many can do it well. Revolver is one group that can change format from song to song and pull it off.

The trio is currently performing through Saturday at the Chelsea Street Pub in the Permian Mall.

From Albuquerque, N.M., the band combines the talents of Keith Judd, Peter Nolte and Steve Hudgins. Lead vocal singing duties are shared by the three as well as back-up sounds.

Judd, 31, is a bass and keyboard player who is easy to spot with hair that is long even for a rock 'n' roll singer.

"You can always tell the age of a rock 'n' roller by how long his hair is," Judd said.

The group will perform songs as old as 1958 or as new as last week. Nolte, 29, is the lead guitar player and newest member of the trio, joining up four weeks ago. He said the band's show is more like a mini-concert than a club performance.

"We bring two vans packed full of lights and sound equipment. So it is not what you normally see at a club. It really is a good show," he said.

Judd and 27-year-old Hudgins have been together for more than two years. Hudgins plays behind a mountain of drums and takes his turn holding the lead spotlight.

Revolver doesn't have a list of songs to play. The band just plays whatever its thinks the audience wants or requests. The band shows its versatility by going from "Satisfaction" to "That Will be the Day" and then on to "Sweet Home Alabama."

"I think it is good to play such a variety," Judd said. "People might hear a song and think 'I played that over and over in my first car.' or 'That reminds me of my first girlfriend.'"

The band, currently traveling the Chelsea circuit, believes in playing smaller towns to try to win a devoted following. They are also currently working on a new album.

Revolver is performing at Chelsea St. Pub.

Going from town to town, the band often finds itself with a lot of down time. Basketball and diving are two ways they fill up the time, but snake hunting is their preferred pastime.

Sound and light man Monty Judd, 28, who is Keith's brother, started the hobby and the other members were soon involved. "We look for different kinds of lizards and snakes. It is something different to do."

The band likes its travel lifestyle, although it does have some drawbacks.

"People often stare at us or treat us differently because of the way we look. I mean our hair is a little long," Keith Judd said.

The band tries to alleviate the problem by showing that they are, after all, just regular guys with a job to do.

"We're not crazed maniacs looking for someone's daughter," Nolte said. "We're just a band."



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

May 17, 2004

Mr. Keith Russell Judd
Reg. #11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

RE: FOIA # 2003-0192

Dear Mr. Judd:

This is in further reference to your letter dated March 25, 2003, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

We regret the delay in responding to your communication which was due to the time involved in processing an unusually large volume of informational requests which we have received.

A search was conducted of the Postal Inspection Service records at National Headquarters, as well as those records at the Houston Division, the field element whose jurisdiction includes the State of Texas. This search disclosed no record that you have ever been the subject of investigation by the Postal Inspection Service.

We do not believe this letter to be a denial of access to records under the Freedom of Information Act. In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, D.C. 20260-1100. Information on the appeal procedure is enclosed.

Sincerely,

*M. R. Baxter*

M. R. Baxter
Information Disclosure Technician

Enclosure

475 L'ENFANT PLAZA SW, ROOM 3411
WASHINGTON, DC 20260-2181
TELEPHONE: 202-268-4421
FAX: 202-268-7741


**UNITED STATES POSTAL SERVICE**

October 6, 2004

Keith Russell Judd
Reg. #11593-051 – Gregg Unit
LSCI Allenwood
P. O. Box 1000
White Deer, PA 17887-1000

Freedom of Information Act Request 04-106

Dear Mr. Judd:

This is in response to your undated letter received in our offices October 5, 2004 concerning the non-receipt of a response to your appeal dated May 26, 2004, under the Freedom of Information Act.

The final response to your appeal was forwarded June 21, 2004. However, the correspondence was returned to this office as undeliverable. Review of the correspondence reveals that the material was sent to another facility. A copy of our final response is enclosed and we regret any inconvenience to you.

Sincerely,

*[signature]*

Joyce J. Blakley, Paralegal Specialist
Customer Protection and Privacy Law
Corporate Law Section

Enclosure


**UNITED STATES POSTAL SERVICE**

June 21, 2004

Mr. Keith Russell Judd
Reg. #11593-051, Unit G-A
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432-0192

RE: Freedom of Information Act Appeal 04-106

This is responds to your letter dated May 26, 2004, appealing a no-records response you received from the U.S. Postal Inspection Service, to your Freedom of Information Act and Privacy Act request of March 25, 2003.

Based on our review of your appeal, we contacted responsible persons in the Inspection Service and reviewed their response to you. We were informed that searches were conducted of all appropriate Inspection Service databases for information pertaining to you by name. No records were located.

We are satisfied that a thorough and complete search was conducted by the Postal Inspection Service based on the information available to it.

We do not consider that you have been denied access to records; however should you disagree, you may seek judicial review by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

For the General Counsel;

Anthony F. Alverno
Chief Counsel
Customer Protection and Privacy

475 L'Enfant Plaza SW
Washington, DC 20260
www.usps.com



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 9A-EP-31711

Suite C-600
El Paso, TX  79901
December 16, 1997

Keith Judd
P.O. Box 863
Odessa, Texas 79760-0863

Mr. Judd,

    Enclosed is $1 U.S. currency received at our Midland office in an envelope from you postmarked December 12, 1997. It was not clear from your letter why the money was enclosed. In any event, it is not possible to receive money at our office for any reason.

    We have retained the complaint received in the same envelope and will determine whether any Federal violations have occurred. We will contact you if we need additional information to make that determination.

Sincerely,

David E. Alba,
Special Agent in Charge
El Paso Division

By:
Supervisory Senior
Resident Agent
Midland Resident Agency

1 - Addressee
2 - 9A-EP-31711

7-1% (2-5-98)



# FEDERAL BUREAU OF INVESTIGATION
## WASHINGTON, D. C. 20535

### Report of Examination

b7C

| | | | |
|---|---|---|---|
| **Examiner Name:** | ▓▓▓▓▓▓▓▓▓▓ | **Date:** | January 13, 1999 |
| **Unit:** | Latent Fingerprint Section | **Phone No.:** | (202) ▓▓▓▓ |
| **Case ID #:** | 9A-EP-31711 | **Lab No.:** | 980828007 S/L FZ EU |

**Results of Examinations:**

    Six latent fingerprints and two latent palm prints of value were developed on four specimens as follows:

    Two fingerprints and one palm print on Q3, 1997 Kodak Albuquerque International Balloon Fiesta envelope addressed to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓  b7C

    Two fingerprints and one palm print on Q4, postcard bearing hand printing "Send the"
    One fingerprint on Q6, postcard bearing hand printing "Back Now"
    One fingerprint on Q8, postcard bearing hand printing "or"

No latent prints of value are present or were developed on Q1, magazine; Q2, knife packaging; Q5, Q7, Q9 and Q10, postcards; Q11, key chain; or Q12, envelope.

    The latent fingerprint on Q6 has been identified as an elimination fingerprint of ▓▓▓▓▓▓▓▓▓▓ FBI #▓▓▓▓▓▓▓▓▓▓  b7C

    The remaining latent fingerprints are not fingerprints of KEITH RUSSELL JUDD, FBI #708943XA8, or ▓▓▓▓. No palm prints are available here for these individuals.  b7C

LFPS - Page 1 of 1

Exhibit A

CD 41
129

CASE NO. C-103,829

IN THE MATTER OF                    ( )         IN THE _____ COURT
THE "COMMON LAW MARRIAGE" OF

KEITH RUSSELL JUDD                  ( )
AND
KAREN Y. COREY-STEELE               ( )         ECTOR COUNTY, TEXAS

ORIGINAL ANSWER PRO SE

THIS ANSWER IS FILED BY THE UNDERSIGNED, WHO IS NOT REPRESENTED HEREIN BY AN ATTORNEY.

1. I RESPECTFULLY SUBMIT THE REQUIRED ANSWER TO THE ABOVE NUMBERED CASE, WITH SPECIAL EXCEPTION: THERE IS NO JURISDICTION FOR THIS CASE BECAUSE PETITIONER IS NOT AND HAS NEVER BEEN A DOMICILIARY OF TEXAS, NOR HAS PETITIONER BEEN A RESIDENT OF ECTOR COUNTY, ALTHOUGH HE MAINTAINS A P.O. BOX IN ODESSA, TEXAS, AND HAS CLAIMED RESPONDENTS' HOME, WITH PERMISSION, AS A PHYSICAL MAILING ADDRESS.

2. I HEREBY ENTER AN AFFIRMATIVE DENIAL AND FURTHER SUBMIT THIS AFFIRMATIVE DEFENSE, STATING THAT NO COMMON LAW MARRIAGE RELATIONSHIP EXISTS BETWEEN THE PETITIONER AND RESPONDENT.

3. I PRAY THAT ALL RELIEF SOUGHT BY PETITIONER BE DENIED DUE TO THE LACK OF MERIT IN HIS CLAIMS AND THE LACK OF JURISDICTION.

RESPECTFULLY SUBMITTED,

_Karen Y Corey-Steele_
KAREN Y. COREY-STEELE
2773 BRENTWOOD DRIVE
ODESSA, TEXAS  79762
(915) 367-0888

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE ABOVE AND FOREGOING WAS MAILED TO KEITH RUSSELL JUDD, 504 VIRGINIA, APT. D., ALBUQUERQUE, NM 87108, IN ACCORDANCE WITH THE RULE 21a TEXAS RULES OF CIVIL PROCEDURE THIS _29th_ DAY OF DECEMBER, 1997.

_Karen Y Corey-Steele_
SIGNATURE

Copies sent by respondent

Exhibit B

CD4p
1p

CASE NO. C-103,828

IN THE MATTER OF THE                    ()   IN THE DISTRICT COURT
"COMMON LAW MARRIAGE" OF

KEITH RUSSELL JUDD                      ()   OF ECTOR COUNTY
AND
KAREN Y. COREY-STEELE                   ()   244TH JUDICIAL DISTRICT


MOTION FOR DISMISSAL

KAREN Y. COREY-STEELE, MOVANT AND RESPONDANT IN THE ABOVE ENTITLED CASE, SPECIALLY APPEARING FOR THE PURPOSE OF THIS MOTION ONLY, MOVES THE COURT TO DISMISS THE ABOVE-ENTITLED ACTION WITHOUT PREJUDICE FOR WANT OF JURISDICTION, ON THE FOLLOWING GROUNDS:

1) LACK OF JURISDICTION-
   PLAINTIFF DOES NOT MEET THE RESIDENCY REQUIREMENTS NECESSARY TO FILE IN THE STATE OF TEXAS.

2) NO "COMMON LAW MARRIAGE" EXISTS BETWEEN PLAINTIFF AND RESPONDENT. NONE OF THE REQUIRED CONDITIONS HAVE BEEN MET TO ESTABLISH A "COMMON LAW MARRIAGE" ALLEGED BY PETITIONER IN THE ORIGINAL PETITION.

3) I PRAY THAT THIS MOTION FOR DISMISSAL WILL BE GRANTED DUE TO LACK OF JURISDICTION AS REQUIRED BY LAW AND THAT THE COURT GRANT THE RELIEF REQUESTED IN THIS MOTION.

MOVER/RESPONDENT PRAYS FOR RELIEF.

RESPECTFFULLY SUBMITTED,

Karen Y. Corey-Steele
KAREN Y. COREY-STEELE , PRO SE
MOVANT/RESPONDANT
2773 BRENTWOOD DRIVE
ODESSA, TEXAS  79762
(915) 367-0888

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE ABOVE AND FOREGOING WAS MAILED KEITH RUSSELL JUDD, 504 VIRGINIA, APT. D., ALBUQUERQUE, NM 87108 IN ACCORDANCE WITH THE RULE 21a TEXAS RULES OF CIVIL PROCEDURE THIS _30_ DAY OF DECEMBER, 1997,

Karen Y. Corey-Steele
KAREN Y. COREY-STEELE, PRO SE
MOVANT/RESPONDANT

```
                        REPORTER'S RECORD

                         VOLUME I OF I

                    Trial Cause No. C-103,828


KEITH RUSSELL JUDD      }{         IN THE DISTRICT COURT

VS.                     }{         OF ECTOR COUNTY, TEXAS

KAREN COREY-STEELE      }{         244TH JUDICIAL DISTRICT


                    ************************

APPEARANCES:


Attorney for Plaintiff(s):    Attorney for Defendant(s):
PRO SE                        PRO SE




                    ********************

        On the 12TH day of JANUARY, 1998, the above
entitled and numbered cause came on to be heard (for trial)
in the said Court, Honorable Joe Connally, Judge Presiding,
and the following proceedings were held, to wit:




ECTOR COUNTY COURTHOUSE
244TH JUDICIAL DISTRICT
ODESSA, TEXAS 79761
(915)498-4240
```

[DEFENDANT'S EXHIBIT A — M098CR-93 Sentencing]

1

ELIZABETH PATTERSON, CSR

```
 1                          PROCEEDINGS
 2                        JANUARY 12, 1998
 3
 4              THE COURT:  Call No. C-103,828, in the Judd
 5   matter.  Are you Ms. Judd, ma'am?
 6              MS. COREY-STEELE:  No, sir.  My name is
 7   Karen Corey-Steele.
 8              THE COURT:  But you are a party to this
 9   case?
10              MS. COREY-STEELE:  Yes.
11              THE COURT:  I apologize.  Would you come
12   up and have a seat right over here.  Are you Keith Russell
13   Judd?
14              MR. JUDD:  Yes, I am.
15              THE COURT:  Come over here.  Now, this
16   case, I'm going to have to become familiar with.  This case
17   is apparently transferred here from New Mexico; is that
18   correct?
19              MR. JUDD:  No, it wasn't.  It was
20   originally filed here by myself.
21              THE COURT:  Okay.  Is this a suit for
22   divorce?
23              MR. JUDD:  Yes, it is.
24              THE COURT:  Sir, are you a resident of
25   Ector County, Texas?
```

                                                                2

ELIZABETH PATTERSON, CSR

1    MR. JUDD:  Yes, I am.

2    THE COURT:  Ms. Steele, do you contend
3 that he's not a resident of Ector County?

4    MS. COREY-STEELE:  Yes, sir, I do.

5    THE COURT:  Do you want a divorce?

6    MS. COREY-STEELE:  Your Honor, we were
7 never married.  I allowed him to use my home so he could
8 receive mental health care here because he told me that he
9 couldn't receive mental health care in Albuquerque.

10   THE COURT:  Mr. Judd, when and where do you
11 allege that you and Ms. Steele were married?

12   MR. JUDD:  It's an affidavit -- Court
13 certified copy from Steven French -- affidavit of --
14 Steven French got this information from Karen that we were
15 engaged as of April of '95.  Therefore, the case was
16 dismissed and Ms. Steele went before Judge Ferguson on an
17 agreement that I would be living with her and they were
18 under the understanding that we were engaged to be married
19 at that point.  I couldn't get the transcript this quick.

20   THE COURT:  But, sir, being engaged to be
21 married and being married are different things under the
22 Texas Statute.  There has to be an agreement to be married.

23   MR. JUDD:  Cohabitation, which we lived
24 together since May of '96, and holding out and I believe we
25 have all of those elements, at least, prima facia.

3

ELIZABETH PATTERSON, CSR

```
 1           THE COURT:  Sir, it's not just an agreement
 2   that you will be married at some future date like being
 3   engaged.  The two of you have to agree we are now, in fact,
 4   married.
 5           MR. JUDD:  Under the Texas Statutes it
 6   says, holding out.  It can be determined implicitly by
 7   conveyances of property.  I worked for her company for
 8   quite some time and that was without pay.  I believe those
 9   things indicate conveyance of property.
10           THE COURT:  Do the two of you have children
11   together?
12           MR. JUDD:  No.
13           THE COURT:  Then, would you be satisfied
14   with judicial declaration that you are not, in fact,
15   married?
16           MR. JUDD:  Yes.
17           THE COURT:  Would you be satisfied?
18           MS. COREY-STEELE:  Yes, Your Honor.
19           THE COURT:  I will -- I do so find based
20   upon the pleadings of Ms. Steele and the representations of
21   Mr. Judd that those parties are not joined together in
22   matrimony under the laws of Texas and this will free both
23   of you.
24           MS. COREY-STEELE:  Thank you, Your Honor.
25           MR. JUDD:  Should I draft up an order?
```

4

ELIZABETH PATTERSON, CSR

```
 1                THE COURT:  Yes, sir.  And send a copy to
 2     Ms. Steele.
 3                MS. COREY-STEELE:  Thank you.
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

5

ELIZABETH PATTERSON, CSR

```
 1  STATE OF TEXAS   )
    COUNTY OF ECTOR  )
 2

 3       I, ELIZABETH L. PATTERSON, Official Court Reporter in

 4  and for the 244th District Court of Ector County, State of

 5  Texas, do hereby certify that the above and foregoing

 6  contains a true and correct transcription of all the

 7  proceedings (or all proceedings directed by counsel to be

 8  included in the Reporter's Record, as the case may be), in

 9  the above-styled and -numbered cause, all of which occurred

10  in open court or in chambers and were reported by me.

11       I further certify that this transcription of the

12  record of the proceedings truly and correctly reflects the

13  exhibits, if any, offered by the respective parties.

14       WITNESS MY HAND this  7TH day of JANUARY, 1999.

15

16                              _____
                                ELIZABETH L. PATTERSON
17                              Official Court Reporter
                                244TH District Court
18                              Ector County, Texas
                                CSR No. 5548; Expires 12/31/99
19                              (915) 498-4240

20

21

22

23

24

25
                                                              6
```

ELIZABETH PATTERSON, CSR

*Keith Russell Judd For President of USA, FEC#C00302919, at, 1-800-424-9530*

**THE UNIVERSITY OF NEW MEXICO**
**HEALTH SCIENCES CENTER**

University of New Mexico Mental Health Center
2600 Marble, NE, Albuquerque, N.M., 87131

## AUTHORIZATION TO USE OR DISCLOSE HEALTH INFORMATION

Patient Name **KEITH RUSSELL JUDD**    Date of Birth **5-23-58**    Medical Record # _____

I hereby authorize the UNM Health Sciences Center to disclose information from my health record at:
- [ ] University Hospital
- [X] Mental Health Center
- [ ] Carrie Tingley Hospital
- [ ] Children's Psychiatric Hospital
- [ ] Cancer Research & Treatment Center
- [ ] Ambulatory Care Center
- [ ] Other _____

To: Name: **DAVID WINN, WARDEN of FEDERAL MEDICAL CENTER, DEVENS**
Address: **40 PATTON ROAD, P.O. Box 880, Ayer, MA, 01432**
**U.S. DEPT. of JUSTICE, WASHINGTON, D.C., 20530-0001**

For the purpose of treatment for: **JAIL CRDITS under 18 U.S.C. 3585 & ALIBI in MO-98-CR-09**
**BI POLAR MENTAL ILLNESS**

Information to be disclosed:
- [X] most recent visit/admission
- [X] progress notes
- [X] school records
- [X] history & physical exam
- [X] laboratory tests
- [X] psychological evaluation
- [X] initial assessment
- [X] x-ray reports
- [X] physical therapy evaluation
- [X] consultation reports
- [X] pathology reports
- [X] speech & language evaluation
- [X] operative report
- [X] ER record/outpatient log
- [X] occupational therapy
- [X] discharge summary
- [X] Other (please specify) **INVOLUNTARY ADMISSION from 10-7-97 to 11-15-97, COMMITMENT**

Covering the period(s) of healthcare:   from (date) **10-7-97** to (date) **11-15-97**
                                         from (date) **10-26-92** to (date) **Present**

I authorize that this will include information relating to (initial if applicable):
- [ ] yes [ ] no    acquired immunodeficiency syndrome (AIDS) or human immunodeficiency virus (HIV) infection, or other sexually transmitted diseases _____ initial
- [X] yes [ ] no    behavioral health services/psychiatric care _____ initial
- [ ] yes [ ] no    treatment for alcohol and/or drug abuse _____ initial

4. I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Information Management Department. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event, or condition: _____. If I fail to specify an expiration date, event or condition, this authorization will expire in six months from the date on which it was signed.

5. I understand that once the above information is disclosed, it may be redisclosed by the recipient and the information may not be protected by federal privacy laws or regulations.

6. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to ensure healthcare treatment.

Reg.#11593-051, Unit G-A, FMC Devens, SSN: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
**KEITH RUSSELL JUDD**    PRO SE ATTORNEY    **7-2-03**
Signature, Patient, or legal representative    (Relationship to patient)    (Date)

_____  **7-2-03**
Signature of Witness    (Date)    (Parent, if CPH/PFC&A patient over 14)    (Date)

**PROHIBITION OF REDISCLOSURE:** Federal Law (42 CFR Part 2) and state laws (NMSA 1978 Section 24-1-9.5 [1996]; NMSA 1978 Section 32A-6-15 [1995]; NMSA 1978 section 24-2A-6 [1997]) prohibit further disclosure of HIV/AIDS and other sexually transmitted diseases, and mental health and alcohol abuse and drug abuse information to any person or agency without securing another proper written authorization for that purpose, or as otherwise permitted by Federal regulations or state law.

*5 Pages*

University of New Mexico Mental Health Center
2600 Marble NE ● Albuquerque, NM 87131-5456
(505) 843-2800

JUDD, KEITH R.
489578

## DISCHARGE/INTERIM SUMMARY

DATE OF ADMISSION:       10/28/97
DATE OF DISCHARGE:       ANTICIPATED DATE OF DISCHARGE IS 11/04/97

DISCHARGE DIAGNOSIS:     AXIS I       BIPOLAR EFFECTIVE DISORDER, MANIC
                         AXIS II      DEFERRED
                         AXIS III     STATUS POST HEAD INJURIES IN 1971 AND 1976
                         AXIS IV      MODERATE
                         AXIS V       35-40

ADMISSION HISTORY:
This is a 39-year-old white male with a past diagnosis of Bipolar Affective disorder, manic versus Schizoaffective disorder. Before this hospitalization, his last hospitalization here at the MHC was approximately ten days ago. The patient was admitted previously for delusions surrounding political issues. He was a mayoral candidate for the Albuquerque election and was having difficulty understanding why he lost the election. This time the patient is admitted on a 7-day hold after a certificate of evaluation was issued. He had been writing letters and scaring a local radio personality at 94 Rock.

Patient reports that he has been taking his medications of Lithium 600 mg q am, and 900 mg q hs, and Synthroid .025 mg q day. He denies making any threatening statements to radio personalities and said that he just was sending them legal documents, and happened to send the female disk jockey at the radio station a pair of tennis shoes because he knew that she liked those type of tennis shoes.

Patient denies substance use, says that he has been taking his medications, and denies any suicidal or homicidal ideation. He also denies depression, racing thoughts, or voices.

LABORATORY DATA:
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Patient's Lithium level was .78.

HOSPITAL COURSE:
While on the ward, the patient has been agreeing to take his medications, and has been agreeing to have us add Trilafon 8 mg po q hs to his medications. He has no complaints of side effects from the Trilafon, and reports that he has been sleeping well.

JUDD, KEITH R.
489578
DISCHARGE/INTERIM SUMMARY - Page 2

The main concern regarding this patient while on the ward is that he has continued to write many letters, legal papers, docketing statements, reply briefs, and even letters to his ex-girlfriend. This is always a difficult situation since the patient requests that we make copies and send these letters as directed; however, at times he wants to send letters to his girlfriend which we cannot read, and, per a previous report, patient has been in trouble with the law previously for threatening his girlfriend in Odessa, Texas. At the present time, the plan for this patient has been to only mail out letters that he allows us to read, and to ask him to have personal letters sent through members of his family. Staff on the ward have nothing to do with sending personal letters.

In summary, this is a 39-year-old white male with Bipolar Affective disorder versus SAD who is on a 7-day hold with court set for next week. The patient continues with his medication compliance, and he is cooperative on the ward. We will most likely drop his petition. We have been talking to the patient about discharge early next week if patient continues to cooperate as he has done previously. His medications at this time are Lithium 600 mg q am and 900 mg q hs, Synthroid .025 q day, and Trilafon 8 mg q hs. He is to make a decision before his discharge regarding where he will follow-up. Before his last discharge, he said that he was going to follow-up in Odessa, Texas, but this has not happened. We will be insisting that the patient make a decision regarding his follow-up care before he leaves the hospital this time.

DISCHARGE DISPOSITION:

*See DC summary*

CONDITION OF PATIENT UPON DISCHARGE:

*See DC summary*

_____        _____
Janice A. Landy, M.D.                   Patricia L. Kelly, M.D.
Attending Physician                     Psychiatric Resident

PLK/eas      D:   11/02/97
             T:   11/14/97