IN THE UNITED STATES *District Court For The District of Massachussetts*

Keith Russell Judd For President of USA, Petitioner,

v.                                                          No. *03-CV-40145-MLW*

*Paul H. O'Neill, Secretary of Treasury*, et al.

*Respondents.*

SUPPLEMENTAL AUTHORITIES IN SUPPORT THEREOF; *$5.00 Filing Fee Paid*

    Petitioner, Judd, Pro Se, hereby submits newly discovered supplemental authority in support of a Writ of Habeas Corpus under 28 U.S.C. § 2241.

    Attached hereto is a copy of the December 9, 2005, Memorandum Opinion and Order of Judge Wolski or the Court of Federal Claims. Judd v. United States, No. 05-CV-726. This action involves a breach of contract by the United States in a Pretrial Diversion Agreement successfully completed by Petitioner. Judge Wolski held that the Court of Federal Claims lacked jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), because the Pretrial Diversion Agreement did not provide for monetary damages if the United States breached the contract. However, the United States failed to dispute that the Pretrial Diversion Agreement was breached by the United States. This provides Petitioner with TRANSACTIONAL IMMUNITY from subsequent prosecution. See, United States v. Castaneda, 162 F.3d 832, 836 (5th Cir. 1998)("If the pleadings show no factual dispute, however, the court may determine breach as a matter of law."). This Court is bound by the terms of the Pretrial Diversion Agreement with the United States.

RESPECTFULLY SUBMITTED,

Date: December 23, 2005
www.vote-smart.org

*Keith Judd*
KEITH RUSSELL JUDD FOR PRESIDENT OF USA
Reg.#11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887
(570)326-1551

PROOF OF FILING AND SERVICE
I declare under penalty of perjury that on *December 24, 2005* I mailed this to:
1.) *US District Court, 595 Main Street, Room 502, Worcester, MA, 01608*
2.) *US Attorney, 1 Courthouse Way, Suite 9200, Boston, MA, 02210*
                                          By *Keith Judd*

# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 05-726C
(Filed December 9, 2005)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KEITH RUSSELL JUDD,

                Plaintiff,

      v.

THE UNITED STATES,

                Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Keith Russell Judd,[1] pro se, asks the Court to enforce a "Pretrial Diversion Agreement" made between Mr. Judd and the United States Attorney's office. Mr. Judd claims-- without elaboration--that he "complied with the contract, but the United States violated the contract, causing me to be in federal prison. Contract law requires enforcement of the Pretrial Diversion Agreement, which requires that I be immediately released from custody." Pl.'s Compl. at 1. For reasons explained below, the Court dismisses this matter pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.[2]

---

[1] Plaintiff continually refers to himself as "Keith Russell Judd For President of USA." It is unclear to the Court if Mr. Judd is asserting a claim in his personal or some sort of corporate capacity, but this distinction does not materially affect the case; the Court lacks jurisdiction over this criminal plea arrangement regardless.

[2] The Court also GRANTS the Defendant's request to amend its motion to dismiss by providing the Court with a copy of the Pretrial Diversion Agreement. The Court found this agreement helpful in determining its jurisdiction. When reviewing a motion to dismiss, the Court normally limits review only to the pleadings; however, when reviewing a motion to dismiss for lack of subject matter jurisdiction -- as in the instant case -- the Court may review outside material to establish the presence or absence of jurisdictional facts. *See Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746 (Fed. Cir. 1988).

# I. JURISDICTION OF THE COURT OF FEDERAL CLAIMS

Congress, through the Tucker Act, has granted our Court jurisdiction:

> to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Court of Claims -- the predecessor to both this Court and the Federal Circuit -- had noted, however, that the Tucker Act does not cover every agreement reached with the federal government, explaining that:

> [t]he contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds. The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves.

*Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981).

Thus, the jurisdiction of the Court of Federal Claims does not extend to contracts enacted by the United States in its capacity as a sovereign unless the United States has clearly subjected itself to damages in the case of breach. This limitation on our Court's jurisdiction is well established. *See, e.g., Silva v. United States*, 51 F.App'x 12, 14 (Fed. Cir. 2002) ("[t]he supervision of criminal cases properly belongs to the courts of general jurisdiction--not the Court of Federal Claims.") (unpublished); *Sanders v. United States*, 252 F.3d 1329, 1335 (Fed. Cir. 2001) ("United States district courts and corresponding state courts, for example, are assigned the primary role in overseeing and enforcing agreements that arise out of and implicate the criminal justice system."); *Doe v. United States*, No. 97-5043, 1997 WL 794110 (Fed. Cir. Dec. 30, 1997) ("*Kania* limits the Court of Federal Claims' jurisdiction to cases in which the Government acts in its non-sovereign capacity.") (citing *Kania*, 650 F.2d at 268); *Trudeau v. United States*, 68 Fed. Cl. 121 (2005) (holding that the Court of Federal Claims lacked jurisdiction over plaintiff's claim because the government was acting in its sovereign capacity); *Pappas v. United States*, 66 Fed. Cl. 1, 7 (2005) ("This court does not have jurisdiction over claims against the government when the government has acted solely in its sovereign capacity on criminal matters."); *Awad v. United States*, 61 Fed. Cl. 281 (2004), *aff'd* 301 F.3d 1367 (Fed. Cir. 2002); *Houston v. United States*, 60 Fed. Cl. 507, 511 (2004); *Sadeghi v United States*, 46 Fed. Cl. 660, 662 (2000), *appeal dismissed* 250 F.3d 762 (Fed. Cir. 2000) (table) ("Because administering the criminal justice system is an activity that lies at the heart of sovereign action, breach of contract arising out of the criminal justice system does not ordinarily give rise to an action under the Tucker Act for

damages."); *Drakes v. United States*, 28 Fed. Cl. 190, 193 (1993) ("Although the Government possesses characteristics of both contractor and sovereign, the United States cannot be made liable in one capacity while acting in another.").

A pretrial diversion is an agreement between an individual and the United States whereby the United States agrees not to criminally prosecute, or agrees to delay prosecution, in exchange for certain behavior or cooperation from the individual. In other words, a "pretrial diversion is analogous to a plea bargain agreement." *United States v. Harris*, 376 F.3d 1282, 1287 (11th Cir. 2004) ("[T]his court interprets a pretrial diversion agreement applying the same standards we would use to interpret a plea agreement."). There are few acts that implicate the sovereign role of government more than a criminal prosecution, thus "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court." *Kania*, 650 F.2d at 268. As is noted in the authorities cited above, it is well-established that plea agreements are not normally within our jurisdiction. *See, e.g., Sanders*, 252 F.3d at 1335; *Pappas*, 68 Fed. Cl. at 6; *Houston*, 60 Fed. Cl. at 510.

The Tucker Act grants the Court of Federal Claims jurisdiction over monetary claims against the United States where Congress has specifically waived its sovereign immunity. Mister Judd's complaint does not state a claim for monetary damages, but he has added such a claim in his papers filed in opposition to the motion to dismiss. *See, e.g.*, Pl.'s Response to Mot. to Dismiss at 3-4. In his complaint, he merely asks the Court to enforce his pretrial diversion agreement and immediately release him from custody. But even if the Court were to liberally construe Mr. Judd's filings as a claim for monetary damages rather than specific performance, his claim would still fail.

While the Court is mindful of Mr. Judd's pro se status and reads his pleadings with the liberality extended to pro se parties, this status does not relieve him of his burden to affirmatively establish the Court's jurisdiction. *See Kelley v. Sec'y*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (agreeing that "leniency with respect to mere formalities should be extended to a *pro se* party," but holding that courts cannot take a liberal interpretation of its own jurisdiction by setting "a different rule for pro se litigants only."). When presented with a matter involving a plea agreement, our Court only has jurisdiction "if (1) the person who made the contract on behalf of the government, in this case the AUSA, had authority to bind the government to pay monetary damages; and (2) the contract's language provides for the payment of monetary damages in case of a breach by the government." *Houston*, 60 Fed. Cl. at 511 (citing *Kania*, 650 F.2d at 268). Even assuming, *arguendo*, that the AUSA had the authority to bind the government to pay money damages, the pretrial diversion agreement itself says nothing whatsoever about the availability of money damages in the case of breach. *See* Def. Mot. to Dismiss App. 1.[3] Since the pretrial

---

[3] Mr. Judd claims $20,175.00 in damages for the alleged breach, based on his funds that were seized to pay restitution and a fine as punishment for the crime of which he was convicted. *See* Pl.'s Response to Mot. to Dismiss at 3-4. Because the agreement at issue in this matter does not provide for money damages, plaintiff may not seek recovery of this sum in our Court, even if

- 3 -

diversion agreement contains no express terms providing for money damages, Mr. Judd's suit is beyond our jurisdiction.

And, of course, ordering the release of an inmate is well beyond the Court's limited remedial powers. In the words of the Court of Claims,"[i]t is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials." *Kania*, 650 F.2d at 269. "It seems obvious to this Court that a plea bargain is the type of contract that the government makes in its sovereign capacity, since private parties cannot make agreements with criminal defendants regarding criminal matters." *Houston*, 60 Fed. Cl. at 511 (citing *Silva v. United States*, 51 Fed. Cl. 374, 378 (2002)).

Because the Pretrial Diversion Agreement is not a contract within the scope of the Tucker Act, the Court grants the government's motion to dismiss Mr. Judd's complaint due to the lack of subject matter jurisdiction.

## II. IN FORMA PAUPERIS APPLICATION

In its motion to dismiss, the Defendant informed the Court of the prolific number of filings that Mr. Judd has made in federal courts throughout the United States and requests that the Court deny him *in forma pauperis* status pursuant to the "three-strikes rule" of 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mister Judd falls squarely within the statute's prohibitions. By his own admission he is an inmate, incarcerated in a federal prison. He also appears to be a frequent filer in federal courts, having been denied *in forma pauperis* status in at least one federal district court, three federal circuit courts of appeal, and the United States Supreme Court. *See, e.g., Judd v. United States Dist. Ct. for W. Dist. of Tex.*, 528 U.S. 5, 5 (1999) ("Judd has abused this Court's certiorari and extraordinary writ processes."); *Judd v. Lappin*, No. 04-5337, 2004 WL 3019537 (D.C. Cir. Dec. 30, 2004) (per curiam) (unreported); *Judd v. Ashcroft*, No. 03-5188, 2004 WL 574348, *1 (D.C. Cir. March 22, 2004) ("Appellant has filed numerous frivolous cases and pleadings in this court. If he does not cease this abuse of the judicial process, the court will be inclined to enter an

---

his loss of the funds were proximately caused by the alleged breach.

-4-

injunction requiring appellant to seek leave of the court before filing any new case...."); *Judd v. Winn*, 81 Fed.Appx. 479, 480 (5th Cir. 2003) (unreported) (awarding sanctions and ordering all district courts within the Fifth Circuit to refuse to accept further civil filings from Mr. Judd until he has paid the sanctions); *Judd v. University of New Mexico*, 204 F.3d 1041, 1044 (10th Cir. 2000) ("Mr. Judd is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); *Judd v. Furgeson*, 239 F.Supp.2d 442, 443 (D.N.J. 2002) (noting the multitude of federal cases Mr. Judd has filed that have been dismissed as frivolous). Other federal courts have threatened to take action against Mr. Judd if he continues to make frivolous filings. *See, e.g., Judd v. United States*, No. 05-758, 2005 WL 1532616 (E.D.Mo. June 27, 2005) (threatening sanctions if Mr. Judd makes further frivolous filings).

Moreover, in addition to Mr. Judd's habit of filing frivolous claims throughout the federal judiciary, the present case marks the third time he has attempted to bring to our forum matters that are not within this Court's jurisdiction. *See Judd v. United States*, 02-1327 (Fed. Cl. Oct. 28, 2002) (dismissing for lack of subject matter jurisdiction); *Judd v. United States*, 00-596 (Fed. Cl. Oct. 4, 2000) (same). The government's request is, therefore, well-founded and appropriate under the circumstances.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1915(g), the Clerk is hereby directed to DENY Mr. Judd *in forma pauperis* status and to reject all his future filings unless he pays the requisite fees. Mister Judd has twice submitted a motion for summary judgment, which was not filed because the document on each occasion failed to conform with our Court's rules. As this Court lacks jurisdiction over the matter, this motion is moot and the Clerk is directed to return these documents to Mr. Judd.[4] The motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge

---

[4] Copies of plaintiff's document entitled "Motion for Summary Judgment in Full or in Part" were received on November 28 and November 30, 2005. The Clerk shall file the other two non-conforming documents that were received on November 30 and the one received on December 2, 2005: Mr. Judd's "Supplemental Response to Defendant's Motion to Dismiss as to Issue Two," "Supplemental Brief of Jurisdiction Under the Tucker Act," and "Plaintiff's Reply to Defendant's Response to Defendant's Motion for Leave to File an Amended Motion to Dismiss."