IN THE UNITED STATES _District Court For The District of Massachusetts_

_Keith Russell Judd_, Petitioner,

v.   No. _02-CV-12375_

_Nancy Barkey, Warden_, Respondents.

SUPPLEMENTAL BRIEF ON STATUTORY INTERPRETATION OF SAVINGS CLAUSE OF § 2255

Petitioner, _Keith Russell Judd_, Pro Se, hereby submits this supplemental brief on statutory interpretation of the Savings Clause of § 2255.

This Court and the Government consistently declare that the Savings Clause of 28 U.S.C. § 2255 removes jurisdiction from 28 U.S.C. § 2241. The Savings Clause provides:

"An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained ... unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detension."

Clearly, the Savings Clause only applies to "a prisoner who is authorized to apply for relief by motion pursuant to" 28 U.S.C. § 2255. This Court is improperly applying the Savings Clause restrictions to every 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus. The court is not free to reconstruct a statute by judicial application. Dodd v. United States, 162 L.Ed.2d 343, 350 (2005)("We are not free to rewrite the statute that Congress has enacted.")("It is for Congress, not this Court, to amend the statute."). Id. at 351.

This Court cannot differentiate between types of relief sought in a § 2241 Petition, if the petitioner is not authorized to proceed under 28 U.S.C. § 2255. Clark v. Martinez, 160 L.Ed.2d 734, 745 (2005)("To give these words a different meaning for each catagory would be to invent a statute rather than interpret one."); Leocal v. Ashcroft, 160 L.Ed.2d 271, 281 (2004)("When interpreting a statute, we must give words their ordinary or natural meaning."). The Court and Government's

1

insistance that subject matter jurisdiction, properly invoked pursuant to the Habeas Corpus statute 28 U.S.C. § 2241, can be divested by merely citing to the Savings Clause of 28 U.S.C. § 2255, is a complete misreading of both statutes. See, Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 117 L.Ed.2d 391, 112 S.Ct. 1146 (1992)("We must presume that [the] legislature says in a statute what it means and means in a statute what it says there."). If Congress had intended for the jurisdiction of 28 U.S.C. § 2241 to be controlled by the Savings Clause of 28 U.S.C. § 2255, then Congress would have amended 28 U.S.C. § 2241 to reflect that intent. Duncan v. Walker, 150 L.Ed.2d 251, 259 (2001)("It is well settled that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparade inclusion or exclusion."); Bates v. United States, 139 L.Ed.2d 215, 222 (1997); Russello v. United States, 78 L.Ed.2d 17, 24 (1983); United States v. Naftalio, 441 U.S. 768, 773 (1979)("The short answer is that Congress did not write the statute that way.").

The Court begins with the language of the statute. Williams v. Taylor, 146 L.Ed.2d 435, 448 (2000); Deal v. United States, 508 U.S. 129, 132 (1993)("a fundamental principle of statutory construction is that the meaning of a word cannot be determined inisolation, but must be drawn from the context it is used."); United States v. Menashe, 348 U.S. 528, 538-39 (1955).

If this Court cannot determine that Petitioner is authorized to proceed by Motion under 28 U.S.C. § 2255, this Court must determine that district court has subject matter jurisdiction under 28 U.S.C. § 2241.

Date: January 28, 2006

RESPECTFULLY SUBMITTED,

Keith Russell Judd For President of USA
Reg. # 11593-081
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887

Proof of Filing and Service
I declare under penalty of perjury that on January 28, 2006 I mailed this to:
CONTINUED ON OTHER SIDE