```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

KEITH RUSSELL JUDD,             )
       Petitioner,              )
                                )
       v.                       )  C.A. No. 03-40145-MLW
                                )
PAUL O'NEILL, et al.,           )
       Respondents.             )
```

MEMORANDUM AND ORDER ON MOTIONS

For the reasons stated below (1) all of Petitioner's pending motions are denied; and (2) this Court certifies that an appeal of this action would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

BACKGROUND

An exhaustive delineation of the facts and circumstances of this action and Petitioner Judd's ("Judd") very substantial history of litigation across the country is detailed in this Court's Memorandum and Order of Dismissal dated June 3, 2004 (#7). To reiterate the background of this case briefly, in May 2003, this action was transferred to this court by the District of Columbia, after it construed Judd's filings as a habeas petition, because, at the time the petition was filed, Judd was confined at FMC Devens, a federal facility located in this district. Judd is now confined at LSC1 Allenwood in White Deer, Pennsylvania.

In his filings, Judd sought relief from the provisions of 18 U.S.C. § 922(g) which prohibits persons convicted of felonies, as well as those adjudicated as a mental defective, or those committed to a mental institution, from possessing firearms. [Petition, p. 1-10.] Judd maintained that he technically was not convicted of

several crimes and he asserted that § 922(g) was unconstitutional.

In the June 3, 2004 Memorandum and Order, this Court held that Judd could not combine a request for habeas relief with other civil rights claims. This Court further held that, to the extent that Judd's claims were based on his alleged inability to own a firearm and the constitutionality of § 922(g), those claims were not properly the subject of a habeas petition because they did not involve a request for release from confinement. See Rael v. Williams, 223 F.3d 1153, 1155 (10th Cir. 2000) (affirming dismissal without prejudice of conditions of confinement claims in habeas petition); accord Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (if successful claim would not entitle prisoner to accelerated release it must be brought in a civil rights action rather than a habeas proceeding); Kamara v. Farquhuarson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998) (dismissing habeas petition without prejudice to any due process or Eighth Amendment claims).

Additionally, this Court also found that to the extent that Judd's petition raised civil rights claims, Judd was ineligible to proceed *in forma pauperis* because he has had, on three or more occasions, claims dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); Judd v. Furgeson, 239 F. Supp. 2d 442, 447 (D. N.J. 2002) (finding Judd subject to "three strikes" rule of § 1915(g)); Judd v. Ashcroft, No. 03-5124, 2003 WL 22304424 (D.C. Cir. Sept. 30, 2003) (denying *in forma pauperis* status under § 1915(g)). The Court noted that Judd had not alleged

any facts demonstrating that he was in imminent danger of physical injury, which would otherwise exempt him from application of the "three strikes" provision in § 1915(g).  See Malik v. McGinnis, 293 F.3d 559, 562-563 (2d Cir. 2002) (dismissing; imminent danger measured at time of filing the complaint); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (same).

Based on the June 3, 2004 Memorandum and Order, this Court summarily dismissed Judd's habeas petition, and an Order of Dismissal of this action entered on June 3, 2004 (#9).  On June 7, 2004, Judd filed a Notice of Appeal (#18).  On June 10, 2004, Judd filed a Motion for a Certificate of Appealability (#21) claiming that the District Court should give him notice of the recharacterization of his § 2241 habeas petition into a civil rights action, and allow him to either withdraw, amend, or challenge the recharacterization.

On August 4, 2004 this Court issued a further Memorandum and Order in this case (#24), denying Judd's Motion for a Certificate of Appealability (#21) for failure to make the requisite showing, stating: "[h]is appeal is one that plainly does not deserve additional judicial attention..."  (#24, page 3).  The Court also denied Judd's other motions, including a Motion for Certification for Appeal of the June 3, 2004 Memorandum and Order (#10); his Motion for Bifurcated Determination of Habeas Corpus and Declaratory Judgment (#11); the Motion for Additional Finding of Fact (#12); and the Motion for Relief from Judgment (#13).

As previously noted, Judd objected to this Court's characterization of his habeas petition as a civil rights action. In response to this objection, this Court expressly noted in the August Memorandum and Order, that Judd's habeas petition had <u>not</u> been re-characterized as a civil rights action. Rather, the Court noted that to the extent Judd sought to raise non-habeas claims, Judd was not eligible to proceed *in forma pauperis* because he has "three strikes" under § 1915(g) and he had not alleged that he was in imminent danger of serious physical harm.

Subsequently, Judd filed a Notice of Appeal (#25) of the August 4, 2004 Memorandum and Order (#24), and an amendment to his motion for leave to appeal *in forma pauperis* (#27). Thereafter, Judd has filed numerous motions contesting the dismissal of his habeas action as well as the *in forma pauperis* determinations made by the Court, and other motions seeking relief.[1]

On May 4, 2005, in an attempt to reinstate this action, Judd paid the $5.00 filing fee.[2] On March 6, 2006, Judd filed an Amended Notice of Appeal (#52), in which he reasserted his claim

---

[1] These motions include: 1) Motion to Allow the National Rifle Association to appear on Appeal (#31); 2) Motion to Re-open Case (#32); 3) Motion to Appoint Alan Dershowitz as Attorney on Appeal (#34); 4) Motion to Reopen Case (#36); 5) Motion For Relief From Judgment (#37); 6) Motion to Vacate (#40); 7) Motion from Judgment Denying IFP (#41); 8) Motion for Relief from Judgment (#42); 9) Motion to Amend Claims (#48); 10) Motion for Order for Clerk to Accept the Filing Fee and Open Case (#50).

[2] The records of the Clerk's Office Accounting Department indicate that the filing fee was paid on May 4, 2005, receipt # 63964.

that he is entitled to possess a firearm.

ANALYSIS

I. <u>Judd's *In Forma Pauperis* Motions; Certification that Appeal is Not Taken in Good Faith</u>

Judd has filed a number of motions seeking leave to proceed *in forma pauperis*, and contesting the application of the "Three-Strikes" rule set forth in 28 U.S.C. § 1915(g). <u>See</u> Motions ## 27, 33 and 43. Judd's arguments concerning the applicability of § 1915(g) are misplaced, inasmuch as the provisions of § 1915(g) would not serve as a bar to *in forma pauperis* status with respect to an appeal of a <u>habeas</u> case, as here. <u>See</u> <u>Martin v. Bissonette</u>, 118 F.3d 871, 874 (1st Cir. 1997)(distinguishing habeas petitions from civil actions, and finding that Congress did not intend the PLRA to include into habeas realm). The issue of eligibility of *in forma status* under § 1915(g) would be relevant with respect to any <u>future</u> <u>civil</u> <u>actions</u> by Judd.

In any event, even if Judd were to qualify for *in forma pauperis* status based on his financial circumstances, Judd is barred nevertheless from *in forma pauperis* status in this case, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), because this Court finds, and hereby certifies, that Judd's appeal would not be taken in good faith. Such a certification prohibits *in forma status* even if Judd is found to be indigent. However, Judd is not barred from seeking *in forma pauperis* status from the Court of Appeals for the First Circuit.

5

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." <u>Id</u>.  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith.  <u>Id</u>.  Based on Judd's substantial litigation history, and particularly the findings made in this case that Judd has failed to state a cognizable habeas claim, this Court finds that Judd's appeal is not taken in good faith: "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. United States</u>, 356 U.S. 674, 674 (1958) (*per curiam*); <u>see also</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten v. District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997).  In legal parlance, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Any argument on appeal that the Court improperly dismissed Judd's case would "lack[] an arguable basis in law or in fact." This Court has already noted in the August 4, 2004 Memorandum and Order that Judd's appeal is "one that plainly does not deserve additional judicial attention."  The Court sees no basis at this time for altering that prior view.  Thus, all of Judd's motions for leave to proceed *in forma pauperis* on appeal are hereby denied, including motions ##27, 33, 43.

## II. Orders on Other Pending Motions

Judd has filed numerous motions subsequent to his Notice of Appeal. The Supreme Court has provided the courts with clear direction as to how to proceed when a defendant files a notice of appeal with the appellate court and motions with the district court. "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982); See Aportria v. Maine Turnpike Authority, 672 F. Supp. 536 (D. Me. 1987) (explaining that district court lacks jurisdiction to rule on Rule 60(b) motion after notice of appeal has been filed).

Accordingly, because this Court lacks jurisdiction over Judd's pending motions, these motions are hereby denied without prejudice. These motions include: Motion to Allow the National Rifle Association to appear on Appeal (#31); Motion to Re-open Case (#32); Motion to Appoint Alan Dershowitz as Attorney on Appeal (#34); Motion to Reopen Case (#36); Motion For Relief From Judgment (#37); Motion to Vacate (#40); Motion from Judgment Denying IFP (#41); Motion for Relief from Judgment (#42); Motion to Amend Claims (#48); Motion for Order for Clerk to Accept the Filing Fee and Open Case (#50).

## CONCLUSION

For the reasons stated in this Memorandum and Order, Judd's

7

Motions (## 26 and 27) are DENIED with prejudice and (## 31, 32, 33, 34, 36, 37, 40, 41, 42, 43, 48, and 50) are DENIED without prejudice.  Furthermore, this Court hereby certifies that an appeal of this action would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

    SO ORDERED.

                                       /s/ Mark L. Wolf
                                       MARK L. WOLF
                                       UNITED STATES DISTRICT JUDGE
Dated: March 15, 2006