```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

KEITH RUSSELL JUDD,                  )
        Petitioner,                  )
                                     )
        v.                           )  C.A. No. 03-40145-MLW
                                     )
PAUL O'NEILL, et al.,                )
        Respondents.                 )
```

ORDER

WOLF, C.J.

Now before this court is Plaintiff Judd's ("Judd") Motion to Alter or Amend the March 16, 2006 Memorandum and Order (Docket No. 60) in which Judd seeks to pay the $150.00 filing fee and pursue his dismissed habeas petition as a civil action, challenging the denial of his right to possess a firearm while incarcerated.[1]

Judd's Motion to Alter or Amend is hereby DENIED with prejudice. The substantial litigation history of this case has been detailed exhaustively in this court's prior Orders and need not be reiterated here. In brief, this court ruled that Judd failed to present any cognizable habeas claims, and the action was dismissed on June 3, 2004. Since that time, Judd has made numerous requests for the court to reconsider its rulings and to permit Judd to pursue this action. On March 15, 2006, the court issued a Memorandum and Order (Docket No. 53) denying Judd's requests. Judd appealed and, on April 13, 2006, the dismissal of this action was affirmed by the United States Court of Appeals for the First Circuit. See Mandate (Docket No. 59). Thus, there is no pending action before this court. Plaintiff's current motion, in effect, seeks to reinstate this action as a civil

---

[1] Judd's previous attempt to pay the $5.00 filing fee to reinstate this action was unsuccessful.

action, rather than a habeas petition. As noted numerous times by this court, Judd may not convert this action from a habeas petition to a civil action. Judd was also advised that if he sought to bring civil rights claims, he would have to file a separate civil action and pay the filing fee for civil actions because he was ineligible for *in forma pauperis* status under the three-strikes rule of 28 U.S.C. § 1915(g).

Here, Judd's Motion to Alter or Amend is nothing more than an attempt to circumvent the filing fee requirements by endeavoring to turn this action from a habeas petition into a civil action. For the reasons set forth herein and for the reasons set forth in the March 15, 2006 Memorandum and Order, Judd will not be given an opportunity to amend his pleadings in this action, nor to pay the filing fee to reinstate this action.

Once again, Judd is advised that if he seeks to file a civil complaint raising the issues he attempted to raise in this action, he must file a separate Complaint and pay the $350.00 filing fee for civil actions (increase effective April 9, 2006) upon the filing. Judd is also advised that this action is closed, and he is Ordered not to file any further motions in this action.

Judd is warned that failure to comply with this directive will result in the imposition of sanctions, including monetary sanctions and/or an Order enjoining him from further filings in this court absent leave of a district judge.

SO ORDERED.

 May 4, 2006                    /s/ MARK L. WOLF
DATE                            UNITED STATES DISTRICT JUDGE