```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

KEITH RUSSELL JUDD,              )
      Petitioner,                )
                                 )
      v.                         )  C.A. No. 03-40145-MLW
                                 )
PAUL O'NEILL, et al.,            )
      Respondents.               )
```

ORDER ON MOTION TO ALLOW PAYMENT OF THE FILING FEE (#73)
         AND ORDER ENJOINING PLAINTIFF

WOLF, C.J.

Now before this Court is Plaintiff Judd's ("Judd") Motion to Allow Payment of the Filing Fee (#73).  In essence, Judd seeks to pay the $150.00 filing fee to reinstate this closed action, affirmed on appeal.  Judd has, on numerous occasions, sought the same relief requested, and each time this Court has denied his request.  In a prior Memorandum and Order (#69), Judd's request to pay the $150.00 filing fee to reinstate this action was denied <u>with prejudice.</u>  Moreover, Judd was prohibited from filing any further motions in this action, and he was warned that failure to comply with this directive would result in the imposition of sanctions, including monetary sanctions and/or an Order enjoining him from further filings in this Court absent leave of a district judge.

It is clear at this juncture that Judd has purposefully ignored this Court's Order.  Further, the Court deems Judd's motion to be frivolous, vexatious, and abusive.[1]  As such, and in

---

[1] The Court notes Judd is a frequent and abusive litigant in this Court and others, and he has been restricted in the filing of new actions in numerous courts.  A detailed list of these cases is set forth a Memorandum and Order issued by Senior Judge

light of Judd's substantial litigation history, the imposition of a severe sanction is now warranted. See Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (*per curiam*) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999))(a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation). Sanctions are authorized where a litigant violates Court Orders. See, e.g., Torres-Vargas v. Pereira, 431 F. 3d 389, 393 (1st Cir. (Puerto Rico) December 19, 2005)("... a party's disregard of a court order is a paradigmatic example of extreme misconduct.... It is settled law that a party flouts a court order at his peril."). Here, the Court has considered the type of sanction to impose on Judd, and has concluded that nothing short of an Order enjoining Judd from filing further pleadings or cases in this Court, absent leave of Court to do so, is the only sanction available to curb Judd's extreme misconduct and to send the message to Judd that this conduct, which wastes precious judicial resources, will not be tolerated further.

---

Morris E. Lasker, and need not be reiterated here. See Judd v. United States of America 1:06-cv-10172-MEL(Memorandum and Order(#2)). Additionally, both Judge Tauro and Senior Judge Lasker have restricted Judd's filings, directing Judd to file a certification that his pleading directly relates to the instant action with a brief explanation. Judd also was directed to provide a list of all other cases and docket numbers in which he filed, in substance, the identical pleading. Judd v. Bailey, 1:02-cv-12375-JLT, Electronic Order dated February 2,2006; Judd v. United States of America 1:06-cv-10172-MEL(Memorandum and Order(#2)).

Accordingly, for the reasons stated in the prior Orders of this Court, and for the reasons set forth herein, it is hereby Ordered that:

1. Judd's Motion to Allow Payment of the Filing Fee (#73) is DENIED with prejudice; and

2. Judd is hereby ENJOINED from filing further pleadings or new cases to the following extent:

   If Judd undertakes to file any additional papers in this Court, except those filings in currently pending actions or to effect an appeal from this Order, he shall file a written motion seeking leave of Court to do so. The motion must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Unless otherwise directed by the Court, any non-complying pleading filed by Judd shall be docketed in a Miscellaneous Business Docket action solely for the purpose of preserving a public record of the attempted filing, and shall not be rejected and returned by the Clerk to Judd. However, the Clerk shall immediately terminate the Miscellaneous Business Docket as a pending matter in this Court, and no further action will be taken by the Court with respect to any non-complying pleading.[2] Subsequent non-complying pleadings shall be filed in the same Miscellaneous Business Docket case.

SO ORDERED.

/s/ Mark L. Wolf
MARK L. WOLF
DATED: June 24, 2006            CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] A non-complying pleading is defined as a pleading which is not accompanied by a written motion seeking leave of Court to file, a copy of this Order, and a certification under oath that there is a good-faith basis for the filing.

3